Renee COX, Appellant

v.

NEXTIRAONE, Appellee.

No. 05-04-01149-CV.

Court of Appeals of Texas, Dallas.

Aug. 17, 2005.

John E. Wall, Jr., Law Offices of John E. Wall, Jr., Dallas, for Appellant.

Russell Daniel Caywer, Kelly, Hart & Hallman, P.C., Fort Worth, for Appellee.

Before Justices WHITTINGTON, FITZGERALD, and RICHTER.

## OPINION

Opinion by Justice FITZGERALD.

Renee Cox sued her former employer, appellee NextiraOne, for retaliatory discharge, alleging that NextiraOne fired her because she filed a workers' compensation claim. The trial court granted summary judgment in favor of NextiraOne, and Cox appeals. We affirm the trial court's order.

### BACKGROUND

NextiraOne is a telecommunication company that provides communication networking packages for businesses. Cox worked for NextiraOne and its predecessor companies beginning in May 1981. Over the ensuing years, Cox held a variety of positions for the company and in 2000, she was a District Service Manager ("DSM"). Tom Corathers supervised Cox at all relevant times except for a period of about one year during 2001.

In May of 2000, Cox filed a workers' compensation claim after she experienced symptoms of carpal tunnel syndrome. Cox attended doctor appointments during this time, but she never missed a full day of work because of the injury. On several occasions, Cox and Corathers conversed about her injury, either directly or indirectly.[1]

---

1. For example, Cox asserts she spoke to Corathers concerning scheduling doctors' appointments and how to account to the company for the time she was away. The two also spoke once about a prescription Cox took for the condition. Cox also testified that she regularly wore wrist splints at work, which Corathers must have seen.

In 2000, the telecommunications industry experienced a significant downturn. NextiraOne initiated an ongoing reduction in force ("RIF") as a result of the downturn. Overall, the company laid off more than 2000 employees between 2000 and the end of 2002. On June 28, 2002, Cox was laid off. Cox filed suit against NextiraOne for violation of section 451 of the Texas Labor Code.

NextiraOne filed a combined traditional and no-evidence motion for summary judgment. The no-evidence portion of the motion challenged Cox to come forward with evidence raising a fact issue on the two issues for which she carried the burden of proof: (1) establishing a causal connection between her workers' compensation claim and her layoff, and (2) showing NextiraOne's stated reason for discharging Cox was a pretext. The traditional portion of the motion argued that NextiraOne's own summary judgment evidence negated Cox's ability to prove these two elements. In support of the motion, Corathers testified that he was instructed to identify one of the six DSMs he supervised for the June 28 layoff. He eliminated some of the six for reasons related to geography and special skills. Of the three remaining, he ranked Cox last in terms of job performance. He testified that at the time he made the decision to lay off Cox, he did not recall that she had filed a workers' compensation claim two years earlier. NextiraOne also offered summary judgment evidence concerning the timing and extent of the ongoing RIF.

Cox responded to the summary judgment with her own affidavit and its attachments.[2] Cox argues this evidence shows

her performance did not merit termination. She concludes she must have been laid off because of her workers' compensation claim.

The trial court granted NextiraOne's motion without specifying a particular ground. Cox appeals.

## SUMMARY JUDGMENT STANDARDS

NextiraOne's motion for summary judgment included traditional grounds and no-evidence grounds; we review both types of motion under well-settled standards. In a traditional motion, the party moving for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). A traditional movant has the burden of proving all essential elements of its cause of action or defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). By contrast, when a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. TEX.R. CIV. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). If the nonmovant fails to do so, the trial judge must grant the motion. *Id.*

We uphold a summary judgment on any ground supported by the evidence and pleadings. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

---

**2.** The attachments include: client e-mails; excerpts and exhibits from Cox's deposition; NextiraOne's answers to Cox's interrogatories; three letters stating the reason for Cox's termination, two of which recommend her for future employment; and a series of internal reports and communications related to Cox's workers' compensation claim and certain job performance issues.

### RETALIATORY DISCHARGE

█ Section 451.001 of the Texas Labor Code prohibits an employer from discharging an employee for filing a workers' compensation claim in good faith. TEX. LAB.CODE ANN. § 451.001 (Vernon 1996). The employee has the initial burden of demonstrating a causal link between the discharge and the filing of a workers' compensation claim. *Benners v. Blanks Color Imaging, Inc.*, 133 S.W.3d 364, 369 (Tex.App.-Dallas 2004, no pet.). The employee need not show she was fired solely because of filing the workers' compensation claim. Rather, she must show that "but for" the filing of the claim, the discharge would not have occurred when it did. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450–51 & n.3 (Tex. 1996). The employee may establish the link between her termination and the filing of her workers' compensation claim through circumstantial evidence or through reasonable inferences from the evidence. *Id.* at 451; *Lee v. Haynes & Boone, L.L.P.*, 129 S.W.3d 192, 196 (Tex. App.-Dallas 2004, pet. denied).

█ Once the causal link between the employee's workers' compensation claim and the employer's alleged retaliation is established, it becomes the employer's burden to rebut the allegation by showing a legitimate reason for the discharge. *Cazarez*, 937 S.W.2d at 451. Thereafter, the burden shifts back to the employee. To defeat a motion for summary judgment, the employee must (a) challenge the employer's proof that the reason given for the discharge was a legitimate, nondiscriminatory reason, or (b) present evidence raising a fact issue on whether the reason given for termination was a pretext for the discrimination. *See Benners,* 133 S.W.3d at 369.

### PRETEXT

█ NextiraOne's motion for summary judgment asserted, *inter alia,* that Cox had no evidence NextiraOne's stated reason for laying her off was a pretext. Cox's first issue on appeal challenges the trial court's granting of summary judgment on this ground, arguing there are genuine issues of material fact regarding the truth of NextiraOne's stated reason for terminating Cox's employment. We conclude there are no such fact issues.

█ NextiraOne attributed Cox's discharge to the company's ongoing RIF. A RIF is a legitimate, nondiscriminatory reason for terminating an employee. *Benners,* 133 S.W.3d at 370 (citing *Anderson v. Taylor Publ'g Co.,* 13 S.W.3d 56, 59 (Tex. App.-Dallas 2000, pet. denied)). NextiraOne presented summary judgment evidence of a company-wide RIF that began in 2000[3] and continued at least through 2002. According to NextiraOne's evidence, on March 1, 2001, NextiraOne had 5482 employees. In 2001, the company laid off 813 of those employees, and in 2002, it laid off 1186 more. Over this two-year period, thus, NextiraOne's RIF claimed approximately 36% of its workforce. During the specific six-week period when Cox was terminated, NextiraOne laid off 335 employees, including 23 DSMs.[4] Cox's summary judgment response does not challenge any of these numbers, nor

---

**3.** No specific numbers of layoffs are provided for calendar year 2000. Corathers's affidavit states only that NextiraOne's predecessor company (for which he and Cox worked at the time) "laid off a large number of employees" in 2000.

**4.** The records also show that three Dallas-based DSMs had been laid off the year before Cox was terminated. None of those three DSMs had filed a workers' compensation claim during their employment with NextiraOne.

does she challenge the legitimate economic basis for the company's RIF.

Cox does challenge the specific reasons NextiraOne proffered for including Cox within the more than 2000 employees laid off during this time period. Cox testifies that she had never received a bad performance evaluation and asserts that she carried more responsibility than any other DSM. She offers appreciative e-mails from a client. She quotes positive letters of recommendation from superiors, including one from Corathers himself. And she purports to identify mistakes in the statistics relied upon by Corathers to rank her performance lower than that of her colleagues. In essence, Cox argues she was a good employee and that she had not been made aware of any concerns expressed by Corathers until long after her termination. She attempts to put Corather's credibility at issue by challenging his assertion that he did not recall Cox had filed a workers' compensation claim at the time he made the decision to include her in the RIF.[5]

We view all this evidence in the light most favorable to Cox. See Gen. Mills, 12 S.W.3d at 833. However, it is not sufficient for Cox to show that she was a good employee. Indeed, Corathers never testified that Cox was not a good employee: he testified only that he ranked her third among the DSMs he considered laying off. What Cox must offer to avoid summary judgment is more than a scintilla of evidence that the true reason she was fired was her filing the workers' compensation claim. See Benners, 133 S.W.3d at 369. Cox has offered no evidence that Corath-

ers or any other supervisor ever expressed animosity toward her because of her compensation claim.[6] She has offered no evidence showing that compensation claimants were targeted for the RIF or that the RIF was not applied neutrally. Indeed, we find no evidence beyond Cox's own personal belief that she was included in the RIF because she filed a workers' compensation claim. Cox's subjective belief regarding the reason for her discharge is a mere conclusion and is not competent summary judgment evidence. See Lee, 129 S.W.3d at 197 (citing Tex. Division–Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 313–14 (Tex.1994) (per curiam)).

The circumstances of NextiraOne's RIF support our conclusion. The RIF lasted at least three years. During this period, more than a third of the company's employees lost their jobs. Cox kept her position until at least the third significant wave of layoffs, more than two years after she filed her claim. These facts belie Cox's claims of retaliation. Certainly if this employer had been anxious to dismiss Cox, it could have done so using the excuse of the RIF long before. We conclude there is not a scintilla of evidence that NextiraOne's proffered reason for Cox's termination was a pretext and that she was actually discharged because she filed a workers' compensation claim. Accordingly, we conclude the trial court properly granted summary judgment on this ground, and we decide Cox's first issue against her.

---

**5.** Cox's evidence in this regard is related to his knowledge of the claim at various points in time.

**6.** Cox relies on errors in various reports to show that she should not have been ranked as she was. However, even if Corathers relied on incorrect information in making his decision, his decision still had nothing to do with

Cox's workers' compensation claim. There is no evidence that any errors, or Corathers's reliance on them, were rooted in malice toward Cox. On the contrary, Cox's own summary judgment evidence shows an attempt by Corathers to correct an erroneous report brought to his attention by Cox.

## CONCLUSION

The trial court properly granted summary judgment on the ground that there was no evidence NextiraOne's stated reason for Cox's discharge was a pretext. Because we have affirmed the trial court's order on that ground, we need not address Cox's remaining two issues. *See Carr,* 776 S.W.2d at 569.