Randy T. McCOY, Appellant

v.

TEXAS INSTRUMENTS, INC., David Cotton, Ken Melvin, and David Solomon, Appellees.

No. 05–05–00388–CV.

Court of Appeals of Texas, Dallas.

Feb. 2, 2006.

Randy T. McCoy, Sachse, TX, for appellant.

Eric J. Mayer, Susman Godfrey LLP, Houston, TX, for appellees.

Before Justices WHITTINGTON, WRIGHT, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Appellant Randy T. McCoy filed suit against appellees Texas Instruments, Inc. ("TI"), David Cotton, Ken Melvin, and David Solomon for race discrimination, retaliation, and slander after his layoff in a company-wide reduction in force. Appellees were granted summary judgment. TEX.R. CIV. P. 166a(c), (i). McCoy appeals asserting: (1) he received ineffective assistance of counsel and (2) the trial court erred in granting summary judgment on his racial discrimination and retaliation claims. For the following reasons, we affirm the trial court's judgment.

## Factual and Procedural Background

On April 25, 2001, McCoy, a senior test engineer at TI's Semiconductor Group, Wireless Catalog Products Branch, was laid off. He met with Cotton, his immediate supervisor, who informed him that the reason for his separation was a company-wide reduction in force resulting from the downturn in the semiconductor industry. McCoy was informed that a ranking was done by management at TI to determine who would be included in the reduction in force. The ranking was based on job performance, job skills/flexibility, and length of service. McCoy received lower skills/flexibility ranking because of his inflexibility to travel to Japan for the product he was working on and because he had

only exhibited proficiency in running voice CODEC.[1]

The Wireless Catalog Products Branch was closed and existing customers were handled by other TI business units. McCoy received a 60–day paid leave of absence and interviewed for other jobs at TI. Before his paid leave had ended, he was rehired by the High Volume Analog business at TI. He did not lose any pay or benefits and his base earnings increased with the job change.

In October 2001, McCoy raised charges of race discrimination and retaliation in a complaint to the Equal Employment Opportunity Commission. In April 2002, he filed suit alleging racial discrimination, retaliation, and slander.[2] Besides Cotton, who was the Branch Manager Wireless Catalog Products, Semiconductor Group, McCoy also named two other TI employees in his original petition, Melvin, the Director of the MS Wireless Semiconductor Group, and Solomon, the Human Resources Manager.[3]

TI submitted the affidavits of Cotton, Melvin, and Solomon, as well as the deposition testimony of McCoy, to establish that the layoff was based on a need to reduce its costs based on business conditions at the time. The evidence estab-lished that, consistent with TI policy, management ranked the employees taking into account job performance, skills, and length of service. The ranking was supervised by Human Resources.

McCoy is black. He alleged that he was laid off after complaining to Cotton that a 6–inch by 4–inch Confederate flag in Cotton's office was offensive. Cotton is British, and a British flag in his office was replaced with a Confederate flag as a practical joke by his coworkers. Cotton told McCoy he did not know the Confederate flag was offensive, and he threw it away.

McCoy admits that he has no evidence that race or retaliation were factors considered in the reduction in force. Additionally, he cannot think of any inappropriate comments made to him by Solomon, Melvin, or Cotton. He claims that, based on his subjective belief, a disproportionate share of those laid off were black, and as such, the reduction in force was discriminatory.

The only summary judgment evidence presented by McCoy was his own affidavit and deposition testimony. He does not present any facts to refute that the reduction in force was due to business conditions. He asserts that he was the top engineer in his Branch and that he had

1. A CODEC (COmpressor/DECompressor) is an algorithm for taking voice or video and compressing the information. CODECs are used within voice and video systems, including DVD players. CODEC is also a contraction of COder and DECoder. A codec is a device or program capable of performing transformations on a data stream or signal. The word describes the two basic functions of digital communication. An (A)nalog signal is coded (converted) into a (D)igital equivalent in the A to D converter. At the other end of the digital circuit, it is decoded from the (D)igital equivalent, through the D to A converter, back into an (A)nalog signal. *See Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.,* 246 F.3d 1336, 1344 (Fed.

Cir.2001); *AT & T v. Microsoft Corp.,* 414 F.3d 1366, n. 1 (Fed.Cir.2005).

2. McCoy does not raise the slander claim on appeal so it will not be discussed. When an appellant does not properly challenge each of the independent grounds asserted for summary judgment as to a particular claim, we affirm the summary judgment as to that claim. *See Smith v. Tilton,* 3 S.W.3d 77, 83 (Tex.App.-Dallas 1999, no writ).

3. Appellants Melvin, Cotton, and Solomon in their individual capacities are not liable for damages for unlawful employment practices. *See City of Austin v. Gifford,* 824 S.W.2d 735, 742 (Tex.App.-Austin 1992, no writ).

been nominated for an award at TI based on his high technical qualifications and his contribution to the revenue and profits at TI. He also claims that, although he was successful at being rehired by TI, he was "humiliated" by being forced to interview for a new position.

Appellees' motion for summary judgment pursuant to Rules 166(a)(c) and (i) was granted. Tex.R. Civ. P. 166a(c), (i). The district court did not specify the grounds relied upon in granting summary judgment.

### Ineffective Assistance of Counsel

■ Appellant is representing himself in this appeal. He asserts that he received ineffective assistance of counsel in the trial court. The doctrine of ineffective assistance of counsel does not extend to civil cases. *See Green v. Kaposta,* 152 S.W.3d 839, 844 (Tex.App.-Dallas 2005, no pet.); *Cherqui v. Westheimer St. Festival Corp.,* 116 S.W.3d 337, 343 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Accordingly, we decide against appellant on his first issue.

### Summary Judgment

In his second and third issues, appellant argues the trial court erred in granting summary judgment on his racial discrimination and retaliation claims. We disagree.

### Standard of Review

In their motion for summary judgment, appellees raised both traditional and no-evidence points. The standards for reviewing both types of summary judgment are well established. *See* Tex.R. Civ. P. 166a(c), 166a(i); *Dallas Firefighters Ass'n v. Booth Research Group, Inc.,* 156 S.W.3d 188, 191–92 (Tex.App.-Dallas 2005, pet. denied). Under a traditional motion for summary judgment, the moving party carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000). After the movant produces evidence entitling it to summary judgment, the burden then shifts to the nonmovant to present evidence of any issues that would preclude summary judgment or create a fact issue. *See Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *Muckelroy v. Richardson Indep. Sch. Dist.,* 884 S.W.2d 825, 828 (Tex. App.-Dallas 1994, writ denied). Any doubts about the existence of a genuine issue of material fact are resolved against the movant, and all evidence and any reasonable inferences must be viewed in the light most favorable to the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ When a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. Tex.R. Civ. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). In determining whether the nonmovant has met its burden, we review the evidence in the light most favorable to the nonmovant and resolve all doubts in its favor. *Crocker v. Paulyne's Nursing Home, Inc.,* 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.); *Gen. Mills Rest.,* 12 S.W.3d at 833. When the trial court does not specify the basis for its ruling, it is appellant's burden on appeal to show that each of the independent grounds asserted in support of summary judgment is insuffi-

cient to support summary judgment. *See Smith,* 3 S.W.3d at 83.

A no-evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003); *Benners v. Blanks Color Imaging, Inc.,* 133 S.W.3d 364, 368 (Tex.App.-Dallas 2004, no pet.). Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Benners,* 133 S.W.3d at 368. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.*

### Employment Discrimination and Retaliation Claims

Appellant asserts that the trial court erred in granting summary judgment on his employment discrimination and retaliation claims. The legislature enacted the Texas Commission on Human Rights Act ("TCHRA") to correlate state law with federal law in the area of employment discrimination. *See* Tex. Lab.Code Ann. § 21.051 (Vernon 1996); *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991). One purpose of the TCHRA is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments. Tex. Lab.Code Ann. § 21.001(1); *NME Hosp.,*

*Inc. v. Rennels,* 994 S.W.2d 142, 144 (Tex. 1999). The TCHRA prohibits an employer from discriminating against an individual with respect to compensation, or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, and national origin. Tex. Lab. Code Ann. § 21.051; *Williams v. Vought,* 68 S.W.3d 102, 107 (Tex.App.-Dallas 2001, no pet.). The TCHRA also makes it an unlawful employment practice for an employer to retaliate against an employee who opposes a discriminatory practice or makes or files a complaint. Tex. Lab.Code Ann. § 21.055.

In a circumstantial evidence race discrimination case, such as the one before us, the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden shifting test applies. Under this test, the plaintiff must first establish a prima facie case of discrimination. To meet this burden, a plaintiff must show: (1) he was a member of a protected class, (2) he suffered an adverse employment action, and (3) non-protected employees were not treated similarly. *Id.* at 792–93, 93 S.Ct. 1817; *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Subjective beliefs alone are insufficient to establish a prima facie case. *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d 247, 251 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate legitimate, non-discriminatory reasons for any alleged unequal treatment. *McDonnell Douglas,* 411 U.S. at 803, 93 S.Ct. 1817; *Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 477 (Tex.2001). The offer of a legitimate reason eliminates the presumption of discrimination created by the plaintiff's prima facie case. *Tex. Dept. of Cmty.*

*Affairs v. Burdine*, 450 U.S. 248, 255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The burden then shifts back to the plaintiff to show the employer's stated reason was a pretext for discrimination. *Quantum Chem.*, 47 S.W.3d at 477. A plaintiff can raise a fact issue as to pretext if the evidence, taken as a whole, shows the employer's stated reason was not what actually motivated the employer and creates a reasonable inference that race was a determinative factor in the complained-of actions. *Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 140 (Tex.App.-Fort Worth 2000, pet. denied). The plaintiff retains the burden of persuasion to prove by a preponderance of the evidence he was discriminated against because of his race. *See Burdine*, 450 U.S. at 254, 101 S.Ct. 1089.

 The elements of a retaliation claim are: (1) the employee engaged in a protected activity, (2) the employer took adverse employment action against the employee, and (3) the employer took the adverse action based on the employee's engagement in the protected activity. *Jones v. Jefferson County*, 15 S.W.3d 206, 210 (Tex.App.-Texarkana 2000, pet. denied); *Cox & Smith Inc. v. Cook*, 974 S.W.2d 217, 223 (Tex.App.-San Antonio 1998, pet. denied); *Thomas v. Clayton Williams Energy, Inc.*, 2 S.W.3d 734, 739 (Tex.App.-Houston [14th Dist.] 1999, no pet.). The same burden-shifting analysis used in discrimination claims is also used in a retaliation claim. *Jones*, 15 S.W.3d at 210. Once the plaintiff has established a prima facie case, the defendant employer must articulate a non-discriminatory reason for the adverse employment action. *Gold v. Exxon Corp.*, 960 S.W.2d 378, 381 (Tex. App.-Houston [14th Dist.] 1998, no writ). McCoy alleges that his layoff was in retaliation for his complaint to Cotton about the Confederate flag.

McCoy established that he is a member of a protected class and suffered an adverse employment action, but in order to establish his prima facie discrimination claim, he needed to establish that non-protected employees were not treated similarly. He established that he complained about the Confederate flag and that he was subjected to the layoff, but to establish the prima facie case of retaliation, he needed to show a causal connection between the complaint and the subsequent layoff. *See Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir.2001); *Benners*, 133 S.W.3d at 369. McCoy admitted in his Response to the Motion for Summary Judgment that he had no direct evidence of discrimination or retaliation. The only evidence he presented was his own affidavit and deposition testimony outlining his subjective belief of racial discrimination and retaliation. An employee's subjective belief of discrimination or retaliation, no matter how genuine, cannot serve as the basis for judicial relief. *See Cox v. NextiraOne*, 169 S.W.3d 778, 782 (Tex.App.-Dallas 2005, no pet.); *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 576 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Gold*, 960 S.W.2d at 384; *Farrington*, 865 S.W.2d at 251–52; *see also Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir.1996).

 As further evidence of TI's discriminatory and retaliatory intent, McCoy asserted that he was better qualified than several employees that were not laid off. Merely disputing TI's assessment of his qualifications will not create an issue of fact. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir.2002). Federal and state laws protecting employees against discrimination and retaliation were not intended to be vehicles for judicial second-guessing of employment decisions nor intended to transform courts into

personnel managers. *See Jaso v. Travis County Juvenile Bd.*, 6 S.W.3d 324, 332 (Tex.App.-Austin 1999, no pet.). Absent a discriminatory motive, a disagreement between an employer and employee over assessment of job performance is not actionable. *Evans*, 246 F.3d at 355. Even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason for a termination. *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir.1991). McCoy failed to establish that non-protected employees were not treated similarly, thus failing to establish a prima facie case of discrimination. McCoy also failed to show any connection between the complaint regarding the Confederate flag and his subsequent layoff, thus failing to establish a prima facie case of retaliation.

Even if McCoy had been able to make a prima facie case of discrimination or retaliation, under the burden shifting analysis of *McDonnell Douglas*, TI then had the burden of offering a legitimate, non-discriminatory reason for terminating McCoy. TI met that burden by producing evidence that McCoy was terminated as part of a company-wide reduction in force precipitated by a downturn in the semiconductor industry. A reduction in force is a legitimate, non-discriminatory reason for terminating an employee. *Cox*, 169 S.W.3d at 781. TI's evidence established as a matter of law that there was a legitimate, non-discriminatory and non-retaliatory reason for McCoy's lay off. *See Willrich*, 28 S.W.3d at 25.

The burden would then have shifted back to McCoy to produce evidence that the reason given by TI to terminate McCoy was pretextual. *Willrich*, 28 S.W.3d at 25; *Jaso*, 6 S.W.3d at 329; *see also Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir.2001). To avoid summary judgment, McCoy had to provide more than a scintilla of evidence that the true reason TI fired him was racial discrimination or retaliation. *Cox*, 169 S.W.3d at 782. Reviewing the evidence in the light most favorable to McCoy, he did not produce a scintilla of evidence that the company-wide reduction in force in response to the downturn in the semiconductor industry was a pretextual reason for his termination.

The trial court properly granted summary judgment. McCoy failed to establish a prima facie case of discrimination or retaliation. Additionally, there was no evidence that TI's stated reason for McCoy's layoff was a pretext for discrimination or retaliation. We decide against McCoy on his second and third issues.

We affirm the judgment of the trial court.