**Affirmed; Opinion Filed June 27, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-01123-CV**

_____

**SHANNON RICHARDSON, Appellant**

**V.**

**DERRICK RICHARDSON, Appellee**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-10877**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

This appeal arises out of the parties' divorce proceeding. In five issues, Shannon Richardson (Shannon) asserts the trial court erred by: (1) denying her motion to reopen; (2) appointing Derrick Richardson (Derrick) sole managing conservator of the couple's children; (3) failing to enter findings of fact; and (4) awarding damages to Derrick. She also asserts (5) that she received ineffective assistance of counsel. The background and facts of the case are well-known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

During the divorce, both parties sought to be appointed sole managing conservator of their two children. They also both alleged the other engaged in family violence while they were married. Following a five-day jury trial, the trial court entered a Final Decree of Divorce

appointing Derrick sole managing conservator and Shannon possessory conservator of their children. Neither party filed a motion for new trial. Shannon appealed.

In her first issue, Shannon asserts she received ineffective assistance of counsel in violation of her Sixth Amendment right. As a general rule, the doctrine of ineffective assistance of counsel does not extend to civil cases. *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.). Accordingly, we overrule Shannon's first issue.

In her second issue, Shannon asserts she filed a motion to reopen the case to introduce new evidence and the trial court improperly denied her motion. Because there is no post-trial motion in the record—the record does not reflect Shannon filed a motion to reopen or motion for new trial—there is nothing for us to consider. We overrule Shannon's second issue.

In her third and fifth issues, Shannon asserts the trial court erred by determining Derrick was the proper primary custodian for the children and by awarding damages to Derrick. She appears to make factual sufficiency arguments with respect to both points. To preserve a complaint about the factual sufficiency of the evidence, a party must present that specific complaint to the trial court in a motion for new trial. TEX. R. CIV. P. 324(b)(2), (3); *DFW Aero Mechanix, Inc. v. Airshares Inc., Inc.*, 366 S.W.3d 204, 206 (Tex. App.—Dallas 2010, no pet.). And, generally, to present a claim for appellate review, a party must have made a timely request, objection, or motion to the trial court and the trial court must have ruled or refused to rule. TEX. R. APP. P. 33.1(a). Because Shannon did not file a motion for new trial and timely notify the trial court of her complaints, she has not preserved them for appeal. We overrule Shannon's third and fifth issues.

In her fourth issue, Shannon argues the trial court erred by failing to make requested findings "on essential elements of a claim." Because this case was tried to a jury, Shannon was not entitled to findings of fact. *See* TEX. R. CIV. P. 296. (Even if she had been, there is no

–2–

evidence in the record that she filed a request for factual findings with the trial court. *See* TEX. R. CIV. P. 297.) Therefore, the trial court did not err by not entering findings of fact. We overrule Shannon's fourth issue.

As set forth above, we have reviewed and rejected Shannon's five arguments complaining about the trial court's final judgment. To the extent Shannon contends her brief has raised any other arguments, we conclude they are waived. *See* Tex. R. App. P. 38.1(f) ("The brief must state concisely all the issues or points presented for review."); (i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Accordingly, we resolve Shannon's five issues against her and we affirm the trial court's judgment.

/Jim Moseley/
———————————————————
JIM MOSELEY
JUSTICE

121123F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHANNON RICHARDSON, Appellant

No. 05-12-01123-CV        V.

DERRICK RICHARDSON, Appellee

On Appeal from the 302nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-09-10877.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DERRICK RICHARDSON recover his costs of this
appeal from appellant SHANNON RICHARDSON.

Judgment entered this 27th day of June, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE