# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-14-00384-CV
---

**City of Killeen, Appellant**

**v.**

**Barbara Gonzales, Appellee**

---
### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 262,602-B, HONORABLE JACK WELDON JONES, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

The City of Killeen appeals the trial court's denial of its plea to the jurisdiction seeking to dismiss Barbara Gonzales's lawsuit brought under the Texas Whistleblower Act. The City contends that Gonzales failed to produce legally sufficient jurisdictional evidence that the City Manager, who made the decision to terminate Gonzales's employment as the City's Director of Finance, knew about her whistleblower reports and terminated her because of them. We will reverse the trial court's judgment and render judgment granting the City's plea and dismissing with prejudice Gonzales's lawsuit.

### BACKGROUND

Gonzales sued the City under the Texas Whistleblower Act, claiming that the City terminated her employment because she made numerous reports of alleged violations of laws and ordinances by City employees, including the City Manager, to City Police Chief Doug Baldwin.

*See* Tex. Gov't Code §§ 554.002 (state or local governmental entity may not suspend, terminate, or take adverse personnel action against public employee who in good faith reports violation of law by employer to appropriate law-enforcement agency), .0035 (sovereign immunity waived for public employee's suit alleging violation of chapter to extent of liability for relief allowed under chapter), .004 (public employee has burden to show that adverse action was because of her report, unless rebuttable presumption exists that it was). Gonzales's periodic reports to Chief Baldwin about violations by various City employees allegedly began in 2011 and "escalated" in the summer of 2012. Some of the violations that Gonzales claims to have reported to Chief Baldwin concerned alleged improper expenditure of City funds and unlawful pay raises granted to certain employees by the City Manager, Glenn Morrison, as well as improper claiming of car allowances by other employees.

Morrison terminated Gonzales's employment in December 2012, just a couple weeks after the Killeen Police Department finished a criminal and internal investigation of Fleet Services, a City department that Gonzales directly supervised before her promotion to Director of Finance in 2007 and thereafter continued to personally supervise at her request. The Police Department began investigating Fleet Services in September 2012 after an employee of that department reported to police that an engine missing from the department was in the possession of another department employee. Lieutenant Jeff Donohue led the investigation and issued a report in late November in which he concluded that Gonzales had lied, was insubordinate, and had ignored the orders of Chief Baldwin not to return to Fleet Services while the investigation was underway. Morrison's stated reasons for Gonzales's termination were: (1) her failure to properly manage Fleet Services; (2) her insubordination by attempting to interfere with the criminal and internal investigations; and (3) her untruthfulness about whether she had followed direct orders concerning the investigations.

2

After Gonzales filed her lawsuit, the parties conducted discovery, and the City then filed a plea to the jurisdiction and motion for summary judgment, contending that there was no evidence to support Gonzales's whistleblower claim on the element of causation. *State v. Lueck*, 290 S.W.3d 876, 881–82 (Tex. 2009) (elements of whistleblower claim constitute jurisdictional facts and may be considered in plea to jurisdiction); *see Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004) (if plea to jurisdiction challenges existence of jurisdictional facts, trial court must consider relevant evidence submitted by parties to resolve jurisdictional issues). The trial court denied both the plea and motion, and in one issue the City appeals the denial of its plea.

**DISCUSSION**

A necessary element of a whistleblower claim is causation: that the employee was terminated because she reported a violation of the law in good faith to an appropriate law-enforcement agency, although the employee's report need not be the sole reason for the adverse employment action. *Texas Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 633–34 (Tex. 1995); *see also City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000) (employee must demonstrate all elements of action under Whistleblower Act, including causation, by preponderance of evidence). To show causation, the employee must demonstrate that after she reported a violation of the law in good faith to an appropriate law-enforcement agency, the employee suffered discriminatory conduct by her employer that would not have occurred when it did if the employee had not reported the illegal conduct. *Zimlich*, 29 S.W.3d at 67; *Hurley v. Tarrant Cnty.*, 232 S.W.3d 781, 786 (Tex. App.—Fort Worth 2007, no pet.) (noting that causation standard has been described as "but for" causal nexus requirement). The evidence on causation must, at a minimum, show that the person

3

who took the adverse employment action *knew* of the employee's report of illegal conduct. *Kirkland v. City of Austin*, No. 03-10-00130-CV, 2012 WL 1149288, at *2 (Tex. App.—Austin Apr. 5, 2012, no pet.) (mem. op.) (upholding no-evidence summary judgment in favor of City where employee presented no evidence that decision-maker had any knowledge of employee's whistleblowing (citing *Harris Cnty. v. Vernagallo*, 181 S.W.3d 17, 25 (Tex. App.—Houston [14th Dist.] 2005, pet. denied))).

Here, it is undisputed that Morrison is the person who made the decision to terminate Gonzales's employment. Gonzales has presented no direct evidence that Morrison had any knowledge of her reports to Chief Baldwin or other officers with the Killeen Police Department. Instead, she relies on circumstantial evidence in an attempt to create a material fact issue on this knowledge component of causation. While circumstantial evidence may constitute legally sufficient evidence from which a factfinder may reasonably infer a causal link between the adverse employment action and the reporting of illegal conduct, the supreme court has held that even evidence that the decision-maker knew of an employee's whistleblowing report to law enforcement *and* exhibited a negative attitude toward the fact of the employee's report is not enough, on its own, to show a causal connection between the two events. *Zimlich*, 29 S.W.3d at 69 (circumstantial evidence of causation may include: decision-maker's knowledge of report to law enforcement of illegal conduct and expression of negative attitude toward that report, failure to adhere to established company policies regarding employment decisions, discriminatory treatment of employee in comparison to similarly situated employees, and evidence that stated reason for adverse employment action is false). Our review of the record leads us to conclude that Gonzales has produced no more than a scintilla of evidence to demonstrate Morrison's knowledge of her reports to Chief Baldwin, much less of any

4

negative reaction by Morrison towards those reports or of any of the other *Zimlich* factors that may support causation.

The circumstantial evidence on which Gonzales relies to show Morrison's knowledge of her reports to law enforcement constitutes the following: (a) Gonzales raised concerns about Morrison's alleged legal violations with Morrison *himself*; (b) Morrison exhibited "enraged, angry and hostile responses" when Gonzales raised her concerns with him; (c) Morrison became "red-faced and angry" and screamed at Gonzales after she copied Chief Baldwin on an e-mail making suggestions for improved security and internal controls in another department, Community Services; and (d) Gonzales's affidavit averring that Morrison and Chief Baldwin "had regular, ongoing and sometimes daily interactions." This evidence amounts to no more than a scintilla and cannot reasonably support the inference that Morrison knew about Gonzales's reports to Chief Baldwin. At most, this evidence creates merely a suspicion and renders the "inference" that Gonzales advances merely a guess. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) ("Evidence that is so slight as to make any inference a guess is in legal effect no evidence.").

Lacking sufficient circumstantial evidence to support the inference of Morrison's knowledge, Gonzales cites the following additional evidence as supporting the inference that the City's reasons for terminating Gonzales are false, which, in turn, she contends supports the inference that Morrison must have known about her reports and fired her because of them: (a) the City's Civilian Personnel Hearing Board reviewed the propriety of Gonzales's termination and unanimously recommended that Gonzales's termination be reversed because it was a "disproportionate penalty";[1]

---

[1] The record contains only the hearing board's cursory one-page recommendation and does not include any of the testimony, documentation, or other evidence that the board reviewed in

5

(b) testimony of other City employees opining that audit results of Fleet Services revealed that Gonzales's alleged mismanagement was exaggerated;[2] (c) evidence purporting to show that Gonzales was treated disparately with respect to similarly situated employees;[3] and (d) the allegedly "close" timing between Gonzales's reports to Chief Baldwin in the summer of 2012 and her December discharge.[4]

---

making its recommendation.

[2] Even if Gonzales's alleged mismanagement were the sole reason that the City cited for her termination and the factfinder gave credence and weight only to these employees' audit interpretations, the City's "incorrect" belief that her performance was inadequate constitutes a legitimate, non-discriminatory reason for the challenged employment action, absent cognizable evidence of that reason being a pretext. *See Carlton v. Houston Cmty. Coll.*, No. 01-11-00249-CV, 2012 WL 3628890, at *14 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, no pet.) (mem. op.) (citing *McCoy v. Texas Instruments, Inc.*, 183 S.W.3d 548, 555 (Tex. App.—Dallas 2006, no pet.)).

[3] Evidence of the alleged disparate treatment comprises conclusory statements in the affidavits of Gonzales and a co-worker that Gonzales was "singled out" but does not include any evidence from which a factfinder could determine that the circumstances and misconduct of other named employees were "nearly identical" to Gonzales. *See Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (employees are similarly situated if circumstances are comparable in all material respects, including similar standards, supervisors, and conduct); *Booker v. City of Austin*, No. 03-09-00088-CV, 2013 WL 1149559, at *12 (Tex. App.—Austin Mar. 13, 2013, no pet.) (mem. op.) ("similarly situated" entails situations and conduct of employees in question that are nearly identical, and excludes employees with different responsibilities, supervisors, capabilities, work rule violations, or disciplinary records).

[4] Texas courts finding timing supportive of the inference of causation have involved very short time periods. *See, e.g.*, *Senior Living Props., L.L.C. v. Cole*, No. 10-06-00227-CV, 2007 WL 2729567, at *4–7 (Tex. App.—Waco Sept. 19, 2007, pet. denied) (mem. op.) (termination two-and-a-half weeks after report to agency and less than one week after agency completed investigation); *Town Hall Estates-Whitney, Inc. v. Winters*, 220 S.W.3d 71, 84 (Tex. App.—Waco 2007, no pet.) (termination two days after protected activity); *Wal-Mart Stores, Inc. v. Amos*, 79 S.W.3d 178, 191 (Tex. App.—Texarkana 2002, no pet.) (termination after twenty days); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (temporal proximity between employer's knowledge of protected activity and adverse employment action must be "very close" to establish prima facie case of causality in retaliation claim absent other evidence).

The "inferences" that Gonzales argues the above evidence supports—that Morrison knew of her whistleblowing and fired her for that reason—would require guessing and are merely suspicions, not inferences that a reasonable factfinder could make from the evidence presented. "To raise a genuine issue of material fact . . . the evidence must transcend mere suspicion." *Ridgway*, 135 S.W.3d at 601; *see also Carlton v. Houston Cmty. Coll.*, No. 01-11-00249-CV, 2012 WL 3628890, at *14 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, no pet.) (mem. op.) (employee's subjective belief that employer's evidence is false and reasons pretextual, sincere as belief may be, does not create fact issue). Viewing the evidence as a whole and in the light most favorable to Gonzales, we conclude that she has presented no more than a scintilla of probative evidence to support her claim that she was fired because of her whistleblower reports, and the trial court erred in denying the City's plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 227–28 (if relevant evidence fails to raise fact question on jurisdictional issue, trial court must grant plea to jurisdiction as matter of law). Accordingly, we reverse the trial court's judgment and render judgment granting the City's plea to the jurisdiction and dismissing with prejudice Gonzales's lawsuit.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Reversed and Rendered

Filed:   November 3, 2015