

## NUMBER 13-21-00412-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

EDINBURG CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT,                                    Appellant,

v.

CRISTINA L. ESPARZA,                                            Appellee.

### On appeal from the County Court at Law No. 9
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellee Cristina L. Ezparza sued appellant Edinburg Consolidated Independent School District (the District) for gender discrimination. The District filed a plea to the jurisdiction, which the trial court denied. In one issue, the District argues that its governmental immunity is not waived under the Texas Commission on Human Rights Act

(TCHRA), *see* TEX. LAB. CODE ANN. §§ 21.001–21.556, because Esparza is collaterally estopped from establishing her discrimination claim. We affirm.

## I.     BACKGROUND

The District employed Esparza as a principal at one of its schools. During her employment, someone accessed Esparza's personal phone and distributed a nude photograph of Esparza. The picture eventually was disseminated to the public. As a result, the District's board of trustees (the board) proposed termination of Esparza's contract. This is the second time[1] this employment dispute is before us. In the first litigation, Esparza contended there was not good cause for her termination, and she appealed the District's employment decision by requesting a hearing before an Independent Hearing Examiner (IHE). *Edinburg Consol. Indep. Sch. Dist. v. Esparza (Esparza I)*, 603 S.W.3d 468, 473 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.) (citing TEX. EDUC. CODE ANN. § 21.251(a)(2)). After a hearing, the IHE recommended that Esparza be reinstated. *Id.* at 475. The board rejected several of the IHE's conclusions of law, including that there was not good cause for termination, and declined to reinstate Esparza. *Id.* at 475–76. Esparza appealed the board's decision to the Commissioner of Education for the State of Texas (the Commissioner). *Id.* at 476. The Commissioner upheld the board's decision, and Esparza sought judicial review. *Id.* at 477. The trial court reversed the Commissioner's decision and ordered the District to reinstate Esparza. *Id.* On appeal, we reversed the trial

---

[1] This particular trial court cause was also before the Court once before. In *Edinburg Consolidated Independent School District v. Esparza*, No. 13-18-00540-CV, 2019 WL 3953111, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2019, no pet.) (mem. op.), we held that the trial court did not err in denying a plea to the jurisdiction because there was a fact issue as to whether Esparza timely filed her administrative claim of discrimination.

court and rendered a judgment affirming the Commissioner's decision. *Id.* We held that there was substantial evidence supporting the "board's conclusion that Esparza's future effectiveness was impaired by the dissemination of her nude photo[.]" *Id.* at 481–82. We further held that "the Commissioner did not err when he implicitly concluded that [the District's] decision was not arbitrary, capricious, or unlawful." *Id.* at 483.

After the District rejected the IHE's recommendation, but before the appeal to the Commissioner, Esparza filed a charge of gender discrimination with the Texas Workforce Commission (the TWC). The TWC issued a notice of dismissal and right to sue letter. Esparza then filed the present gender discrimination suit pursuant to the TCHRA which waives governmental immunity for a valid claim. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) (citing TEX. LAB. CODE ANN. § 21.254). In her suit, Esparza alleges that she: (1) is a female; (2) was qualified for her position and "was being considered for a promotion" in the summer of 2016; (3) was terminated from her employment; (4) was replaced by a male; and (5) was treated less favorably than similarly situated males. She alleges that five similarly situated male employees were not terminated based on their misconduct. As such, Esparza claims that the District's employment decision was motivated by unlawful discrimination.

Over two years after Esparza filed the present discrimination suit, we issued our decision in *Esparza I*. Shortly thereafter, the District filed a plea to the jurisdiction, arguing that Esparza was collaterally estopped from relitigating the reasons for her termination. The District attached records from the administrative proceeding to its plea. It maintained that Esparza had an adequate opportunity to litigate the circumstances surrounding her

3

termination through her administrative appeal and subsequent judicial review. It reasoned that "because it has been adjudicated that [the District] had a legitimate, non-discriminatory reason to terminate [Esparza], [the trial court] lacks the jurisdiction to hear this case as there cannot be a waiver of [the District's] sovereign immunity[.]"

Esparza filed a response, arguing that she pleaded facts establishing a prima facie case of gender discrimination claim, which must be taken as true. She further argued that collateral estoppel does not bar her from relitigating the issue of her termination. Esparza asserted that the District was actually seeking "relief only res judicata can provide," a defense that the District did not plead. Esparza also maintained that gender discrimination was not litigated in the prior case. Specifically, she maintained that even if the prior litigation precluded her from challenging whether she was terminated for a legitimate non-discriminatory reason, she can still show that discrimination was a motivating factor for the termination. She further claimed that because the District's plea to the jurisdiction did not challenge this element of her claim, her pleaded facts must be taken as true.

After a non-evidentiary hearing, the trial court signed an order denying the District's plea to the jurisdiction. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.    DISCUSSION

### A.    Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter

4

jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.* Governmental immunity deprives a trial court of jurisdiction over lawsuits in which subdivisions of the state have been sued unless immunity is waived by the Legislature.[2] *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011); *see Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). Therefore, governmental immunity is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26.

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction, which encompasses the burden of establishing a waiver of a governmental entity's immunity from suit. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id.* (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555). This is true even when the jurisdictional issue intertwines with the merits of the case. *Id.*

A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). When a jurisdictional plea challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject matter jurisdiction. *Clark*, 544 S.W.3d at 770. In doing so, "[w]e construe the pleadings liberally in favor of the plaintiffs and look to the pleaders'

---

[2] "Public school districts are generally entitled to governmental immunity from liability and suit." *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 526 (Tex. 2020).

intent." *Miranda*, 133 S.W.3d at 226. When jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment. *Clark*, 544 S.W.3d at 805. In response to a plea to the jurisdiction, a plaintiff must allege "facts that would establish that the [governmental entity] violated the [TCHRA] and, when challenged with contrary evidence, provide[] evidence that is at least sufficient to create a genuine fact issue material to that allegation." *Tex. Tech Univ. Health Scis. Ctr.–El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020) (citing *Clark*, 544 S.W.3d at 770–71).

## B.    Applicable Law

The TCHRA prohibits discrimination in employment based on "race, color, disability, religion, sex, national origin, or age." TEX. LAB. CODE ANN. § 21.051. The TCHRA waives immunity from suit when the plaintiff states a claim for conduct that would violate the TCHRA. *Garcia*, 372 S.W.3d at 637. Texas courts "recogniz[e] two alternative methods of proof in discriminatory treatment cases." *Id.* at 634. "The first method, rather straightforward, involves proving discriminatory intent via direct evidence of what the defendant did and said." *Id.* Esparza does not allege a discrimination claim based on direct evidence. Where only circumstantial evidence is available, courts examine a discrimination claim by utilizing the burden-shifting paradigm established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 433 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Under this framework, the plaintiff must first establish a prima facie case of discrimination, which requires that a plaintiff show she: (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was

qualified for the job she held; and (4) was replaced by someone not within her protected class or treated less favorable than others similarly situated. *Id*. at 434.

If the plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer does so, the burden shifts back to the plaintiff to show either (1) the stated reason was false or not credible (pretext claim), or (2) the defendant's reason, while true, is only one reason, and discrimination was another motivating factor (mixed-motive claim).[3] *Gonzalez v. Champion Techs., Inc.*, 384 S.W.3d 462, 466 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 555 (Tex. App.—Dallas 2006, no pet.)); *see Tex. Dep't of Aging & Disability Servs v. Lagunas*, 618 S.W.3d 845, 853 (Tex. App.—El Paso 2020, no pet.). "All elements of a TCHRA circumstantial-evidence claim are, perforce, jurisdictional." *Clark*, 544 S.W.3d at 783.

"Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue it previously litigated and lost." *Walsh v. Tex. Dep't of State Health Serv's*, 634 S.W.3d 496, 503 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). Collateral estoppel is an affirmative defense, and the party asserting it bears the burden of proving that: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) the facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Id.* at 504.

---

[3] The United States Supreme Court has held that the "mixed motive" analysis is proper in cases based wholly on circumstantial evidence as well as those based on direct evidence. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92 (2003).

## C.    Analysis

The District argues that "Esparza cannot trigger a waiver of [its governmental] immunity for gender discrimination" based on the doctrine of collateral estoppel. First, it maintains that Esparza cannot establish the qualification element of her prima facie case of discrimination based on our holding in *Esparza I*. 603 S.W.3d at 481–83. Second, the District argues that we determined in *Esparza I* that the District had a legitimate non-discriminatory reason for the termination of Esparza's contract, therefore, she cannot establish her discrimination by circumstantial evidence. Esparza responds that collateral estoppel does not bar her discrimination claim because the TWC, not the Commissioner, has exclusive jurisdiction over employment discrimination claims, the *McDonnell Douglas* framework precludes application of collateral estoppel, and she may still establish that discrimination was a motivating factor for the District's employment decision.

We note that the District did not bring an evidentiary challenge in the trial court regarding whether Esparza was qualified for her position as necessary to establish a prima facie case for discrimination. Having failed to do so, the burden never shifted to Esparza to put forth evidence in that regard, and we must accept her pleaded allegations as true. *See Flores*, 612 S.W.3d at 305. Rather, the District solely argued that Esparza was collaterally estopped from challenging the reasons for her termination because the "termination of her employment has been judicially determined to be proper." We begin by addressing the validity of that argument and the extent to which it prevents Esparza from establishing a circumstantial claim of gender discrimination.

Both parties primarily discuss our opinion in *Point Isabel Independent School*

8

*District v. Hernandez. See* No. 13-17-00705-CV, 2019 WL 2462342 (Tex. App.—Corpus Christi–Edinburg June 13, 2019, pet. denied) (mem. op.). In that case, Point Isabel Independent School District (the ISD) recommended the nonrenewal of Hernandez's contract based on her having "roughly grabbed a student[.]" *Id.* at *1. After the board of trustees recommended her termination, Hernandez appealed the ISD's decision to the Commissioner who found that substantial evidence supported the ISD's employment decision. *Id.* Hernandez then sought judicial review, and the trial court issued a final judgment upholding the Commissioner's decision. *Id.* In the midst of the Commissioner proceedings, Hernandez filed a complaint with the TWC alleging age discrimination and retaliation. *Id.* After receiving a notice of dismissal, she sued the ISD, raising the same claims. *Id.* The ISD filed a plea to the jurisdiction on the basis of collateral estoppel, which the trial court denied. *Id*.

> On appeal, we explained that:
>
> Collateral estoppel applies to administrative agency orders when the agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate. An agency must have jurisdiction over the disputed issues for courts to give agency findings preclusive effect. Even if the agency is powerless to grant all the relief requested, if it has the authority to make incidental findings essential to the granting of the relief, the agency has primary jurisdiction to hear the dispute.

*Id.* at *2 (quoting *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 243 (Tex. App.—El Paso 2012, no pet.) (internal quotations and alterations omitted)). In arguing against the application of collateral estoppel, Hernandez asserted that her discrimination and retaliation claims were not fully and fairly adjudicated in the Commissioner proceeding. *Id.* at *3. We disagreed, noting that "her complaints of age discrimination and retaliation

9

arise out of the same set of facts and are premised on the issue nonrenewal of her contract." *Id.* Therefore, we concluded that "Hernandez had an adequate opportunity to fully and fairly litigate the issue of the nonrenewal of her contract as well as the facts supporting her position." *Id.* We applied collateral estoppel to the Commissioner's decision, finding that it "clearly establishes, legitimate, non-discriminatory reasons for the adverse action." *Id.* We therefore held that she could not relitigate this issue, and we rendered a judgment dismissing the case for want of jurisdiction. *Id.*

The District argues that *Point Isabel* is controlling and prevents Esparza from bringing a claim waiving its governmental immunity. Esparza responds that *Point Isabel* is distinguishable because Esparza did not raise gender discrimination in the prior litigation. We agree with the District, but not entirely. The Commissioner's findings demonstrate that the District articulated a legitimate, non-discriminatory reason to terminate Esparza's contract that was not proven to be false or lacking credibility. In that respect, the present case is no different than *Point Isabel*, and Esparza is collaterally estopped from arguing otherwise. However, in *Point Isabel*, we did not discuss the extent to which collateral estoppel would preclude the employee from showing that discrimination was also a motivating factor for the adverse employment action because the issue was not raised. *See In re Kholaif*, 624 S.W.3d 228, 231 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (explaining that a court's ability to create binding precedent is limited to the issues before it). Rather, we simply held that "the decision of the Commissioner . . . clearly establishes legitimate, non-discriminatory reasons for the adverse action." *Point Isabel*, 2019 WL 2462342, at *3.

10

Here, there is no indication that Esparza's mixed-motive claim of discrimination was considered in the administrative proceeding. Further, the Commissioner made no findings that we could consider as having preclusive effect in that regard. This stands to reason when looking at the statutory framework. The TCHRA provides the "exclusive state statutory remedy" for work-related discrimination and retaliation claims. *City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008). As such, a school district employee is not required to exhaust its administrative remedies under the Education Code before bringing a discrimination claim under the TCHRA. *See Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 700 (Tex. App.—Waco 2002, pet. withdrawn); *cf. Nairn*, 366 S.W.3d at 243–44 (concluding that trial court had jurisdiction to consider discrimination and retaliation claims despite previous Commissioner decision "because those claims were separate and distinct from wrongful termination and contract nonrenewal" but considering school district's motion for summary judgment on those claims).

In the trial court, the District argued that Esparza was collaterally estopped from bringing a discrimination claim entirely. It did not challenge whether Esparza could present evidence of a mixed-motive claim, thus never shifting the burden to Esparza to do so. *See Flores*, 612 S.W.3d at 305. Further, whether the District was motivated by discrimination was not a fact fully and fairly litigated in the Commissioner proceedings. *See Walsh*, 634 S.W.3d at 503. Under the *McDonnell Douglas* paradigm, a limited application of collateral estoppel would still allow Esparza to make this showing. *See Champion Techs.*, 384 S.W.3d at 466. Accordingly, we hold that the trial court did not err in denying the District's plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 226. We

11

overrule the District's sole issue.

## IV.   CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
1st day of December, 2022.