**AFFIRM; and Opinion Filed February 8, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01387-CV

### JOHN TELFER AND TELFER PROPERTIES, L.L.C., Appellants
### V.
### JOHN QUINCY ADAMS, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00385-2016**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Schenck

John Telfer and Telfer Properties, L.L.C. (collectively the "Telfers") appeal the trial court's summary judgment in favor of John Quincy Adams on Telfers' fraudulent conveyance of real property claim.[1] In three issues, the Telfers urge their claims against Adams should not have been transferred to Collin County, and the Collin County District Court erred in rendering the requested judgment. We affirm the trial court's judgment. Because the dispositive issues in this case are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] The Telfers named Janet S. Brisco, Bill Brisco, and Lisa M. Brisco as appellees. They were not parties to the underlying judgment; therefore, the Telfers could not name them as appellees. *Kim v. Walnut Creek Crossing Apartment Manager's Supervisors*, No. 03-07-00519-CV, 2008 WL 3166313, at *1 n.1 (Tex. App.—Austin Aug. 8, 2008, no pet.) (mem. op.). On August 6, 2018, this Court granted the Briscos' motion to dismiss the appeal against them and directed the Clerk of the Court to remove them from the style of the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In an earlier and separate proceeding in Denton County, the Telfers obtained a final judgment against non-parties, Janet and Bill Brisco, in the amount of $750,000. Thereafter, the Telfers attempted to perfect judgment liens against the Briscos' non-exempt real properties by filing abstracts of judgment in Collin and Denton Counties. Subsequently, the Collin County property, that is the subject of this matter (the "Property"), was conveyed to Adams and certain properties located in Denton County were conveyed to Lisa Brisco. The General Warranty Deed conveying the Property to Adams identified Hyo-Sun Adams and Janet Adams Brisco as the grantors. Janet Brisco and Adams are siblings, and Hyo-Sun Adams is their mother.

The Telfers filed suit against Adams and the Briscos in Denton County alleging the property conveyances were fraudulent. The Telfers claimed venue was proper in "Dallas [sic] County under Texas Civil Practice & Remedies Code because one or more of the properties at issue is located in Denton County." Adams moved to sever the claims against him and to transfer the case against him to Collin County, asserting that Denton County was not a county of proper venue because the Property is situated in Collin County and venue is mandatory in the later pursuant to section 15.011 of the Texas Civil Practice & Remedies Code. The Denton County District Court granted Adams' motion, severed the Telfers' claims against him and transferred them to the Collin County District Court.

After the Telfers' claims against Adams were transferred, Adams filed a motion for traditional summary judgment. He supported his motion with: (1) the October 1, 1999 deed conveying the Property to his parents, Bruce and Hyo-Sun Adams; (2) the Last Will and Testament of Bruce Adams, bequeathing his entire estate to Hyo-Sun Adams; (3) an affidavit of heirship dated May 8, 2012, identifying Hyo-Sun as Bruce Adams' wife and Adams and Janet Brisco as his children; (4) the deed dated May 14, 2012, conveying the Property to Adams; and (5) the

affidavits of Adams and Janet Brisco in which both, in turn, averred that: (a) the Property had been owned by their father Bruce Adams and their mother Hyo-Sun Adams since October 1, 1999; (b) Bruce Adams died on or about December 4, 2005; (c) Bruce Adams was survived by Adams, Janet Brisco, and Hyo-Sun, and left the entirety of his estate to his Hyo-Sun; (d) Janet Brisco has never owned any interest in the Property; and (e) she signed the deed conveying the Property to appellee, along with her mother, to prevent any future claim or dispute that might arise as to the Property's ownership. The Telfers responded by likewise presenting the deed conveying the Property to Adams; they also presented the Collin County Appraisal District's 2012 record for the Property. The trial court granted Adams' motion and this appeal followed.

## DISCUSSION

### I. Venue

In their first issue, the Telfers claim they were entitled to choose Denton County as the county of suit and their claims against Adams should not have been transferred to Collin County. The Telfers may challenge the propriety of transferring venue on appeal after a trial on the merits. *See In re Team Rocket*, 256 S.W.3d 257, 261 (Tex. 2008) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b)).

The Telfers and Adams agree that this case is governed by the mandatory venue provision requiring lawsuits involving interests in land to be filed in the county where the property is located. *See* TEX. CIV. PRAC. & REM. § 15.011. They disagree as to whether there is a conflict between mandatory venue provisions and to the application and effect of various rules of procedure on venue.

The Telfers rely on two cases to argue that when there is a conflict between two mandatory venue provisions, the plaintiff is allowed to choose between them. *See Wichita Cty. Tx. v. Hart*, 892 S.W.2d 912, 920 (Tex. App.—Austin 1994), *rev'd on other grounds*, 917 S.W.2d 779 (Tex.

1996); *Marshall v. Mahaffey*, 974 S.W.2d 942, 947, 950 (Tex. App.—Beaumont 1998, pet. denied). Those cases are distinguishable from the current case because they dealt with two competing mandatory venue provisions. *Hart*, 892 S.W.2d at 920 (dealing with the whistleblower special venue provision and venue for suits involving political subdivisions); *Marshall*, 974 S.W.2d at 947, 950 (dealing with the venue provision for suits involving an interest in real property and the venue provision for suits involving slander). Here, there is only one mandatory venue provision at issue. That is section 15.011, governing venue in suits involving an interest in real property. CIV. PRAC. & REM. § 15.011.

Next, the Telfers rely on rules 39 and 51 of the Texas Rules of Civil Procedure to argue that, notwithstanding the fact that their claim against Adams concerns property located in Collin County and mandatory venue lies in that county under section 15.011, they properly joined Adams into their suit against Lisa Biscoe and his presence as a defendant in that claim is necessary for a just adjudication of the matter. The Telfers then cite to section 15.004 of the Texas Civil Practice & Remedies Code and claim there is a conflict between mandatory venue provisions that allows them to choose between Denton and Collin Counties. The Telfers' reliance and application of these rules and section 15.004 to create a conflict in mandatory venue provisions is misplaced for several reasons.

First, rule 51 addresses joinder of claims, not parties. TEX. R. CIV. P. 51. Thus, the Telfers' reliance on rule 51 is unfounded. Rule 39 concerns joinder of a person whose presence is necessary to assure complete relief among those already parties, or who claims an interest relating to the subject of the pending action would be practically impaired by the existing litigation. *Id.* 39. Rule 39, then, concerns the relationship between the existing claims and the absent party–not other claims that might be brought elsewhere among or between the same parties. Adams had no involvement and no interest in the conveyance of the Denton County properties and is only alleged

to have received the Property located in Collin County. Moreover, the Denton County and Collin County conveyances are distinct events and do not constitute the same transaction, occurrence, or series of transactions or occurrences. Further, Adams' presence in the Denton County case is thus not required to resolve the pending matter concerning the Telfers and the Briscos.

Second, the Telfers' reliance on section 15.004 is likewise unavailing. Section 15.004 provides, "In a suit in which a plaintiff properly joins two or more claims or causes of action arising from the same transaction, occurrence, or series of transactions or occurrences, and one of the claims or causes of action is governed by the mandatory venue provision of Subchapter B, the suit shall be brought in the county required by the mandatory venue provision." TEX. CIV. PRAC. & REM. CODE § 15.004. Because the Telfers did not properly join Adams in their Denton County lawsuit, they cannot utilize section 15.004 to claim there is a conflict between mandatory venue in both Denton and Collin Counties.

Finally, the Telfers do not challenge the severance of their claims against Adams. As severed and appealed, only one mandatory venue provision–section 15.001–applies and controls. That provision requires that the suit against appellee be maintained in Collin County.

Accordingly, we overrule the Telfers' first issue.

## II.    Summary Judgment Evidence

We consider the Telfers' third issue challenging the competency of the summary judgment evidence presented before considering whether there is a genuine issue of material fact that precludes summary judgment. In their third issue, the Telfers urge Adams' and Janet Brisco's affidavits and the exhibits presented were not proper summary judgment evidence because they were conclusory, contradictory, and not based on personal knowledge.

The same evidentiary standards that apply in trials also control the admissibility of evidence in summary judgment proceedings. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30

(Tex. 1997) (per curiam). But the rules of error preservation also apply. *See Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 317–18 (Tex. 2012) (per curiam). To preserve a complaint for appellate review, a party must (1) complain to the trial court by way of "a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion." *Id.* at 317; TEX. R. APP. P. 33.1(a). For preservation purposes, objections to "form" and "substance" are treated differently. *See Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.). When an affidavit presents purely substantive defects, those defects can be complained of for the first time on appeal and are not subject to the general rules of error preservation. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018). When an affidavit suffers from a mere defect in form, that flaw must be objected to and ruled upon by the trial court for error to be preserved. *See id.*

It appears from the record before us that Adams' motion for summary judgment was submitted to the trial court on the briefing without a hearing. There is no indication in the record that the trial court considered or ruled on the Telfers' objections to Adams' summary judgment evidence. Thus, whether the Telfers may complain about the evidence on appeal depends upon whether their complaints are to the form or substance of the evidence.

The Telfers claim the deed conveying the Property to Bruce and Hyo-Sun Adams, the last will and testament of Bruce Adams, and the affidavit of heirship cannot be considered summary judgment evidence because Adams lacked personal knowledge of the documents and could not authenticate them. This Court's opinions conflict on whether lack of personal knowledge is a form objection that must be preserved or a substance objection that may be raised on appeal without a trial court ruling. *Compare Stewart*, 156 S.W.3d at 207 (concluding such a complaint concerns a defect in form), *with Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 375 (Tex.

–6–

App.—Dallas 2011, no pet.) (concluding such a complaint concerns a defect in substance).[2] We need not determine whether the Telfers' complaint concerning these documents involves a substantive or formal defect, because the documents are self-authenticating as they each contain a certificate of acknowledgment by a notary public. *See* TEX. R. EVID. 902(8) (a document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public is self-authenticating and does not require extrinsic evidence of authenticity). Consequently, regardless of whether Adams had personal knowledge of the documents, the documents were properly before the trial court for summary judgment purposes.

Next, the Telfers complain that certain affidavit statements of Adams and Janet Brisco are contradictory. More particularly, the Telfers urge that because the deed conveying the Property to Adams identifies both Hyo-Sun and Janet Brisco as grantors, it contradicts Adams and Janet Brisco's averments that their mother was the sole owner of the Property. We disagree. Adams and Janet Brisco's averments explain and clarify why Janet Brisco signed the deed. In addition, this complaint is one of form rather than substance, and the Telfers did not preserve the complaint for our review. *Farabi Inc. v. Harris Cty.*, No. 14-13-00443-CV, 2014 WL 3698451, at *7 (Tex. App.—Houston [14th Dist.] July 24, 2014, pet. denied) (mem. op.).

Finally, the Telfers claim that Adams and Janet Brisco summarily conclude in their affidavits that they have personal knowledge of the events in the affidavits, including the homestead status of their parents' property, and that certain documents were true and correct copies. We have already concluded that the documents attached to Adams' motion for summary judgment, including Adams' father's will, were properly before the trial court for summary judgment purposes. The homestead status of the Property has no bearing on the ownership of the

---

[2] Because panels lack the authority to overrule one another, our first decision touching upon a question should control pending en banc reconsideration. *See generally,* David L. Horan, *The Rules that Govern the Rules that Govern in the Federal Courts of the Fifth Circuit*, 67 TEX. B. J. 622, 626 (2004). For reasons detailed below, we need not scour our past holdings to discern the first in time in this case and leave the question for another day.

Property at the time it was transferred to Adams; thus, any alleged error in connection with this recitation in that respect would be harmless.

We overrule the Telfers' third issue.

### III. Summary Judgment

In their second issue, the Telfers argue the trial court erred in granting summary judgment because they produced more than a scintilla of evidence that Janet Brisco owned the Property.

#### A. Standard of Review

A movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.). After the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence of any issues that would preclude summary judgment or raise a fact issue. *McCoy*, 183 S.W.3d at 553. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favoring the movant's position will not be considered unless it is not controverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).

#### B. Applicable Law

Adams moved for summary judgment on the Telfers' claim that Janet Brisco transferred the Property to Adams to avoid enforcement of a judgment. In order for a property to be fraudulently transferred, it must have belonged to the debtor at the time of the conveyance. *See, e.g., Garcia v. Guerrero*, No. 04-09-00002-CV, 2010 WL 183480, at *4 (Tex. App.—San Antonio Jan. 20, 2010, no pet.) (mem. op.). Adams moved for summary judgment urging the Telfers' claim fails because Janet Brisco had no interest in the Property to transfer, fraudulently or otherwise. In

granting summary judgment, the trial court specifically found, "the Subject Property was never owned by Janet Biscoe and therefore could not be conveyed by her for any purposes."

Adams presented evidence of the chain of title to the Property beginning with the conveyance to his parents, and continuing with the bequeath of his father's estate to Adams' mother, and the conveyance to Adams, in which Adams' sister joined in order to prevent any future claim or dispute that might arise as to its ownership. Thus, Adams established Janet Brisco did not have an ownership interest in the Property when it was transferred to him. In response, the Telfers simply presented the warranty deed conveying the Property to Adams and the 2012 Collin Central Appraisal District record for the Property identifying Hyo-Sun Adams and Janet Adams Brisco as the owners. The Collin County Appraisal District's record does not establish title to the Property. Rather, it merely indicates whom the appraisal district believes the owners to be. *Calkins v. Goette*, No. 05-03001022-CV, 2004 WL 1950366, at *2 (Tex. App.—Dallas Sept. 3, 2004, no pet.) (mem. op.). Accordingly, the Telfers did not contradict Adams' evidence that Janet Brisco did not have an ownership interest in the Property when it was conveyed to Adams. Therefore, the Telfers did not raise a fact issue precluding summary judgment. *See McCoy*, 183 S.W.3d at 553. We overrule the Telfers' second issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

171387F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN TELFER AND TELFER
PROPERTIES, L.L.C., Appellants

No. 05-17-01387-CV     V.

JOHN QUINCY ADAMS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-00385-2016.
Opinion delivered by Justice Schenck.
Justices Reichek and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JOHN QUINCY ADAMS recover his costs of this appeal from appellants JOHN TELFER AND TELFER PROPERTIES, L.L.C.

Judgment entered this 8th day of February, 2019.