United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-50402
Summary Calendar

GLENDA A. PEACE,

Plaintiff-Appellant,

versus

FRANCIS J. HARVEY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(No. 6:05-CV-120)

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Glenda A. Peace contests a summary judgment awarded the Secretary of the Army. For the reasons that follow, such judgment was proper.

Formerly employed in the command group at Fort Hood, Texas, as a secretary for a foreign general, Peace maintains the other command-group secretaries harassed her almost immediately after she began work in 1998. During her employment, an investigation was conducted for whether she had falsely reported hours worked and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leave taken from 1999 to 2001; she was cleared of any wrongdoing, and no disciplinary action was taken. In addition, Peace received a letter of reprimand for opening and reading an email to her administrative superior.

In August 2002, Colonel Settles, who had numerous therapy sessions with Peace during 2002, recommended her medical retirement, stating Peace was seeking it due to stress related to childhood sexual assault, as well as her "situation at home and work". That September, Peace's retirement application was approved. Her last day of employment was in October 2002.

Earlier, in July 2002, Peace filed an administrative complaint for discrimination, after receiving the above-discussed letter of reprimand. The complaint was denied both by the EEO administrative judge and by the EEOC on appeal.

Peace subsequently filed this action, claiming: discrimination in violation of Title VII, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act of 1967 (ADEA); a hostile work environment; and retaliation on account of her gender, disability, age, and EEOC complaint. As noted, summary judgment was awarded against Peace on all claims.

A summary judgment is reviewed *de novo*. ***Blow v. City of San Antonio***, 236 F.3d 293, 296 (5th Cir. 2001). "Summary judgment is appropriate only if the full record discloses 'no genuine issue as to any material fact and ... the moving party is entitled to a

2

judgment as a matter of law'." *Id.* (quoting FED R. CIV. P. 56(c)). For the *de novo* review, this court "view[s] all facts in the light most favorable to the non-moving party". *Id.*

Peace maintains the district court erred by ruling her claims did not involve "ultimate employment decisions". She appears to contend that the district court, particularly in the light of the Supreme Court's recent holding in *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405 (2006), did not adequately consider her retaliation claim.

When reviewing an adverse summary judgment for a retaliation claim, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Peace must first make a *prima facie* showing of retaliation by establishing: 1) she engaged in protected activity; 2) she suffered an adverse employment action; and 3) a causal link exists between the protected activity and the adverse employment action. *E.g., Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). Regarding the second element, this circuit formerly held only "ultimate employment decisions", such as "hiring, granting leave, discharging, promoting, and compensation", were actionable "adverse employment actions". *See, e.g., Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 531 (5th Cir.), *cert. denied*, 540 U.S. 817 (2003). *Burlington Northern*, however, altered the "adverse employment action" standard for retaliation claims, holding

3

retaliation actionable if "a reasonable employee would have found the challenged action *materially adverse*, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination". 126 S. Ct. at 2415 (emphasis added) (internal quotations and citations omitted).

It is undisputed Peace's 8 July 2002 complaint to the EEOC satisfies the first element (protected activity) for a *prima facie* retaliation claim. Nevertheless, the summary-judgment evidence fails to create a genuine issue of material fact on the existence of an "adverse employment action", even under the new **Burlington Northern** standard.

A number of the incidents upon which Peace relies *pre-date* her EEOC complaint, and thus cannot logically support a retaliation claim. Peace also relies, *inter alia*, on the following *post-EEOC complaint* incidents: she received a note detailing leave approval procedures from the Deputy Chief of Staff; she was not provided a designated seat at a ceremony for her departing general; she was assigned "menial and degrading work" when told to work on security files and other "non-critical" tasks; she was told she could no longer park in her assigned space; and, three days before her retirement date, a superior yelled at her and told her to move out of her office.

Importantly, in **Burlington Northern** the Court stressed: "We speak of *material* adversity because ... it is important to separate

4

significant from trivial harms", *id.* (emphasis in original), and noted an "employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work". *Id.* Viewed in the light of the summary-judgment record, these incidents are either unsupported or so "trivial" as to fail the **Burlington Northern** standard.

Although Peace's pay and performance-award delays and her claim of constructive discharge relating to her retirement could *plausibly* be construed as "adverse employment actions", we need not address that question because, as with *all* incidents upon which she relies, Peace fails to create a genuine issue of material fact as to the existence of the third element of a *prima facie* retaliation case: a causal link between the incident and her EEOC complaint. Her subjective belief the incidents were retaliatory, without more, is not sufficient to survive summary judgment. *See* **Byers v. Dallas Morning News, Inc.**, 209 F.3d 419, 427 (5th Cir. 2000). (Moreover, for the final step in the burden-shifting analysis, Peace fails to rebut the legitimate, non-retaliatory reasons for the conduct in question.)

It is unclear whether Peace contests the adverse summary judgment for her *other* claims. In any event, although Peace alludes to her hostile-environment claim, she offers no supporting argument. Further, although stating she "presented prima facie

5

proof of discrimination because of her disability and sex", she fails to support this assertion with argument, authority, or citations to the record. Accordingly, any arguments related to these claims are waived. *See* FED. R. APP. P. 28(a)(9)(A) (appellant's brief must contain citation to relevant legal authorities); *United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002) (inadequately briefed arguments are waived), *cert. denied*, 537 U.S. 1192 (2003).

*AFFIRMED*