

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01096-CV

Patricia Y. **MAYERS**,
Appellant

v.

**UNITED INDEPENDENT SCHOOL DISTRICT**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2021-CVH-001030-D1
Honorable Joe Lopez, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori Massey Brissette, Justice
                Velia J. Meza, Justice

Delivered and Filed: May 28, 2025

AFFIRMED

Patricia Mayers, a teacher with United Independent School District, sued UISD for sex discrimination and retaliation. The trial court granted summary judgment in UISD's favor, and Mayers challenges that ruling on appeal. We affirm.

## PROCEDURAL BACKGROUND

Mayers sued UISD in Texas state court, alleging UISD discriminated against her based on her sex, national origin, and age and had retaliated against her in violation of the Texas Labor Code

and Title VII of the Civil Rights Act of 1964. UISD filed a plea to the jurisdiction arguing that it was immune from Mayers' lawsuit because she failed to comply with statutory prerequisites to her claims. Mayers then filed an amended petition that repeated her state law discrimination claims and added a new section explicitly alleging that UISD had discriminated against her in violation of the Age Discrimination in Employment Act of 1967 and Title VII.

After a hearing, the trial court denied UISD's plea to the jurisdiction and UISD appealed. We reversed the trial court's order denying UISD's plea to the jurisdiction as to Mayers' claims under the Texas Labor Code and the ADEA and her claim of national origin discrimination under Title VII and rendered judgment dismissing those claims. *United Indep. Sch. Dist. v. Mayers*, 665 S.W.3d 775, 786 (Tex. App.—San Antonio 2023, no pet.). We affirmed the trial court's denial of UISD's plea to the jurisdiction as to Mayers' claims of sex discrimination and retaliation under Title VII, making these the sole remaining claims. *Id*.

UISD then, after some discovery, filed a traditional and no-evidence summary judgment motion. The trial court granted both UISD's no-evidence summary judgment motion and its traditional summary judgment motion and Mayers timely appealed.

## FACTUAL BACKGROUND

Mayers has been a teacher at UISD since 1996. Over two decades into her employment, Mayers spoke to a student about his grades in front of the class, allegedly causing the student to cry. The student's parent, also a teacher at UISD, filed a complaint under UISD's administrative grievance procedure alleging that Mayers "degraded and embarrassed [the student] in front of his peers." UISD Superintendent Santos testified in an affidavit that shortly thereafter, he placed Mayers on administrative leave with pay based on Campus and UISD investigations that

corroborated the parent's complaint and uncovered additional concerns regarding Mayers' classroom behavior.

A few weeks later, Mayers' principal Leticia Menchaca submitted a written recommendation to Superintendent Santos recommending that Mayers' teaching contract be terminated. The recommendation listed several additional documented incidents involving Mayers that parents had reported to the school in prior school years, where other students had likewise been singled out in front of the class. One parent had asked that her daughter be removed from Mayers' class based on her discussion of inappropriate adult topics in front of students such as extramarital affairs and male castration. Superintendent Santos testified that he reviewed the investigative file and Mayers' campus and personnel file and found a "documented, substantiated pattern and practice of Ms. Mayers' humiliation of her students, parental concerns, and insubordination over several years." Superintendent Santos then recommended termination to UISD's board of trustees, but the board chose not to move forward with termination. Superintendent Santos then decided to reassign Mayers to a different middle school.

Mayers alleges that the school to which she was transferred is thirty to forty-five minutes away from her house. She submitted a hardship letter requesting a transfer to a closer school for an open position but her request was denied. Mayers then filed an Equal Employment Opportunity Commission (EEOC) charge alleging, *inter alia*, sex discrimination and retaliation under Title VII. Mayers satisfied the statutory prerequisites for her Title VII sex discrimination and retaliation claims and timely filed this lawsuit against UISD.

## DISCUSSION

On appeal, Mayers contends that the trial court erred in granting summary judgment.

### I.      Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "If a party moves for summary judgment on both traditional and no-evidence grounds . . . we first consider the no-evidence motion." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)); Tex. R. Civ. P. 166a(i). If the no-evidence summary judgment was properly granted, we need not reach arguments under the traditional motion for summary judgment. *Ford Motor Co.*, 135 S.W.3d at 600. When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

A party is entitled to a no-evidence summary judgment if, after adequate time for discovery, "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *accord Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 739 (Tex. App.—San Antonio 2009, no pet.). If the non-movant "brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact," the no-evidence summary judgment motion should be denied. *Strandberg*, 293 S.W.3d at 739 (quoting *Vaughan v. Nielson*, 274 S.W.3d 732, 736 (Tex. App.—San Antonio 2008, no pet.)). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The movant must specifically allege which elements of the nonmovant's claims lack any evidence, but the movant does not have a burden to produce evidence to support its no-evidence motion. *Graves v. Komet*, 982 S.W.2d 551, 553 (Tex. App.—San Antonio 1998, no pet.). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

A traditional summary judgment motion may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex. 2002). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## II. Applicable Law

"Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating in the terms, conditions, and privileges of employment 'because of . . . sex.'" *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018) (quoting 42 U.S.C. § 2000e–2(a)(1)); *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir. 2023).[1] In reviewing a summary judgment

---

[1] Texas courts have consistently held that federal statutes and cases interpreting Title VII guide Texas courts' interpretation of employment discrimination and retaliation claims. *See Jones v. Texas Dep't of Pub. Safety*, No. 03-20-00615-CV, 2022 WL 318585, at *11 (Tex. App.—Austin Feb. 3, 2022).

in a discrimination case, we apply the burden-shifting analysis established by the United States Supreme Court in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973). *Wal–Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003). The *McDonnell Douglas* line of cases establishes that, to overcome a motion for summary judgment on his or her discrimination claim, the claimant must first establish a prima facie case of discrimination, which raises a rebuttable presumption that the employer unlawfully discriminated against her. *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 328 (Tex. App.—Texarkana 2008, pet. denied); *Villegas v. Harris Cnty.*, No. 01-07-00031-CV, 2007 WL 4465369, at *2 (Tex. App.—Houston [1st Dist.] Dec. 20, 2007, no pet.).[2]

A plaintiff can establish her prima facie case by showing that: (1) the plaintiff belongs to a protected class; (2) the plaintiff qualified for the position; (3) the employer subjected the plaintiff to an adverse employment action; and (4) the employer either replaced the plaintiff with someone outside the protected class or treated other similarly situated employees outside the protected class more favorably than the plaintiff. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001); *Villegas*, 2007 WL 4465369, at *3.

If the plaintiff establishes her prima facie case of discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *see Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142 (2000) (noting the burden in *McDonnell Douglas* is "one of production, not persuasion; it can 'involve no credibility assessment.'") (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)). If the employer meets this burden of production, the

---

[2] The law governing discrimination and retaliation claims under Title VII and the Texas Commission on Human Rights Act (TCHRA) is largely identical. *See Brewer v. Coll. of the Mainland*, 441 S.W.3d 723, 729 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004); *see also* TEX. LAB. CODE § 21.001(1); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

presumption raised by the prima facie case vanishes, and the burden shifts back to the plaintiff to prove that the employer's articulated reasons are a mere pretext for unlawful discrimination. Proving pretext for discrimination requires the plaintiff to show both that the reason for the adverse action was false and that discrimination was the real reason. *Hicks*, 509 U.S. at 515; *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Although the burden of production shifts, the burden of persuasion under the *McDonnell Douglass* test remains at all times with the plaintiff. *Hicks*, 509 U.S. at 507.

The *McDonnell Douglass* burden-shifting analysis also applies to retaliation claims. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she participated in protected activity, (2) her employer took an adverse employment action against her, and (3) a causal connection existed between her protected activity and the adverse employment action. *See Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015); *Brewer v. Coll. of the Mainland*, 441 S.W.3d 723, 729 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

If a plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its employment decision. *Hernandez v. Yellow Trans. Inc.*, 670 F.3d 644, 657 (5th Cir. 2012); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 554 (Tex. App.—Dallas 2006, no pet.). After the employer satisfies its burden, the employee must "demonstrate that the employer's reason is actually a pretext for retaliation." *Feist v. La., Dep't of Justice.*, 730 F.3d 450, 454 (5th Cir. 2013) (citation and internal quotation marks omitted); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 482 (Tex. 2001). This is accomplished by showing "that the adverse action would not have occurred 'but for' the employer's retaliatory motive." *Feist*, 730 F.3d at 454; *Gumpert v. ABF Freight Sys., Inc.*, 293 S.W.3d 256, 262 (Tex.

App.—Dallas 2009, pet. denied); *Navy v. College of the Mainland*, 407 S.W.3d 893, 901 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## III.     Analysis

On appeal, Mayers principally contends the trial court erred in granting summary judgment because she presented evidence overcoming summary judgment which the trial court failed to consider.[3] Mayers also asserts on appeal that the judgment grants more relief than requested. It does not: UISD sought and was granted summary judgment on her sole remaining claims for discrimination and retaliation under Title VII.

We first address whether Mayers introduced competent summary judgment evidence sufficient to overcome summary judgment.

### A.  Whether Mayers introduced competent summary judgment evidence.

In her response to UISD's motion for summary judgment, Mayers stated that she offers the following summary judgment evidence: (1) "Plaintiff's Answers and Counter-pleadings"; (2) her answers to UISD's requests for interrogatories, admission, and production; and (3) her own affidavit. UISD objected, and the court orally ruled that Mayers' pleadings and her responses to UISD's requests for interrogatories and admissions are not competent summary judgment evidence and would not be considered. The court further noted that any documents Mayers may have provided in response to UISD's requests for production would need to be individually assessed to determine if they may be used as summary judgment evidence. Finally, the court ruled that it would

---

[3] Mayers also asserts that, because she amended her petition the day after the motion for summary judgment was filed, UISD should have filed an amended summary judgment motion. But, the record does not include an amended petition filed after UISD's motion for summary judgment. Furthermore, a trial court may grant a summary judgment motion that disposes of all claims in a plaintiff's live pleading even if that pleading was filed after the summary judgment motion. *Hackler v. N.D.*, No. 2-08-397-CV, 2009 WL 2138945, at *1 (Tex. App.—Fort Worth July 16, 2009, no pet.).

consider Mayers' affidavit as summary judgment evidence. On appeal, Mayers argues the trial court improperly failed to consider her summary judgment evidence.

Pleadings are not competent summary judgment evidence, even when verified. *Reynolds Energy Transp., LLC v. Plains Mktg., L.P.*, 706 S.W.3d 845, 882 (Tex. App.—San Antonio 2024, no pet.); *Kroger Specialty Infusion CA, LLC v. Sturns*, No. 05-22-01276-CV, 2024 WL 2205660, at *3 (Tex. App.—Dallas May 16, 2024, no pet.) (citing *Regency Field Servs., LLC v. Swift Operating*, LLC, 622 S.W.3d 807, 819 (Tex. 2021)). Furthermore, "arguments of counsel are not evidence," including arguments relating to the veracity of the contents of pleadings. *Reynolds Energy*, 706 S.W.3d at 882. Therefore, the trial court correctly declined to consider Mayers' own pleadings as summary judgment evidence, notwithstanding her counsel's averment of their truthfulness.

Likewise, a party's own interrogatory answers may not be used to defeat a motion for summary judgment. TEX. R. CIV. P. 197.3 ("Answers to interrogatories may be used only against the responding party."); *Yates v. Fisher*, 988 S.W.2d 730, 731 (Tex. 1998); *Wilson v. Biffle*, No. 08-23-00221-CV, 2024 WL 1465370, at *5 (Tex. App.—El Paso Apr. 4, 2024, no pet.) ("a party cannot rely on its own interrogatory answers to raise a fact issue."). And, as with interrogatory answers, the responding party cannot use its own responses to the opponent's requests for admission as summary judgment evidence. *Hynds v. Foster*, No. 01-15-01034-CV, 2017 WL 769909, at *6 (Tex. App.—Houston [1st Dist.] Feb. 28, 2017, no pet.) (citing *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980) (per curiam)). Therefore, the trial court correctly declined to consider Mayers' own answers to interrogatories and requests for admission.

Although Mayers' response to UISD's summary judgment motion asserts that she filed her responses to UISD's requests for production as summary judgment evidence, her response to

UISD's motion does not refer to any specific documents provided in response to UISD's requests for production, she did not refer to any such document at the summary judgment hearing, and the appellate record does not contain any such documents. Instead, the record simply includes UISD's actual requests. *See Nguyen v. Citibank N.A.*, 403 S.W.3d 927, 932 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (declining to consider discovery responses not attached to response to motion for summary judgment and not included in appellate record); TEX. R. CIV. P. 166a(d) (If party intends to use discovery products that have not been filed with trial court clerk, party must file an appendix containing evidence or a "notice containing specific references to the discovery," along with statement of intent to use the specified discovery, within applicable time frames); *Gomez v. Tri City Cmty. Hosp., Ltd.*, 4 S.W.3d 281, 284 (Tex. App.—San Antonio 1999, no pet.) (appellate record must demonstrate that evidence was filed with trial court when trial court's order on summary judgment motion was entered) (citing Rule 166a(d)).

Mayers' affidavit is therefore the only competent summary judgment evidence provided in response to UISD's summary judgment motion. To constitute proper summary judgment evidence, an affidavit must be made on personal knowledge, set forth facts that would be admissible evidence, and show the affiant's competence to testify to the matters stated in the affidavit. *See* TEX. R. CIV. P. 166a(f); *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008). UISD contends that her affidavit is not competent summary judgment evidence because it only contains conclusory statements. Conclusory statements in affidavits are not competent summary judgment evidence if there are no facts supporting the conclusions. *Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 826 (Tex. App.—San Antonio 2012, no pet.) While Mayers' affidavit contains many conclusory statements, it also contains specific factual allegations. We assess below whether the statements in her affidavit suffice to create a fact issue regarding the elements of her claims.

### B. Mayers' allegations of discrimination and retaliation

Mayer's affidavit does not clearly set forth the acts of discrimination she suffered. Her response does allege UISD reassigned her to a different middle school in retaliation. With regard to the protected activity she was engaged in that allegedly gave rise to the retaliation, at the hearing on UISD's summary judgment motion Mayers' counsel simply stated that Mayers had filed grievances.[4]

Specifically, Mayers' affidavit alleges two male teachers at the school were not suspended despite misbehavior. She alleges one teacher, a Hispanic male, "is constantly late," and another teacher, also a Hispanic male, was accused of sexual harassment. She reported the teacher's alleged sexual harassment to the school district, listing names of potential student victims in an email. Associate Superintendent Garcia then took a statement from Mayers. She also reported the alleged sexual harassment to the police and the Texas Rangers. She asserts the teacher was not suspended, and that UISD retaliated against her for reporting the teacher by asking her to resign. She also briefly alleges UISD retaliated against her when it denied her hardship request to transfer to a different school.

Mayers states she had previously filed two grievances against Principal Menchaca, but does not assert when these grievances were filed, what they contained, or whether UISD took any action against her in response. Finally, Mayers states she filed another grievance against Principal Menchaca after Menchaca recommended her termination.

Construing the record liberally in favor of the nonmovant, *see Dorsett*, 164 S.W.3d at 661, it appears Mayers alleges (1) her placement on paid leave and her transfer constituted sex

---

[4] Mayers' counsel further argued at the hearing that Mayers' affidavit alleges she was sexually harassed by the principal "and that there's retaliation because of it, and sexual discrimination." However, we did not find any allegations that Mayers was sexually harassed in our review of the affidavit.

discrimination, and (2) UISD asked her to resign, transferred her, and denied her hardship request to transfer to another school in retaliation for filing a grievance against Principal Menchaca or for reporting another teacher for sexual harassment.

### C. UISD's motion for summary judgment

UISD filed a motion seeking both no-evidence summary judgment and traditional summary judgment. In support of its no-evidence motion, UISD argues Mayers failed to present any evidence raising a fact issue about specific prima facie elements of her discrimination and retaliation claims. UISD also argues that it placed Mayers on paid administrative leave and reassigned her to another school because its investigation revealed numerous substantiated complaints regarding Mayers' conduct. UISD asserts that, having articulated a legitimate non-discriminatory and non-retaliatory reason for its actions towards Mayers, the burden shifted to Mayers to show that UISD's proffered reason was mere pretext. Because Mayers failed to present any evidence showing pretext, UISD contends its no-evidence summary judgment should be granted on both claims. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (burden-shifting for discrimination); *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) (burden-shifting for retaliation).

In its traditional summary judgment motion, UISD presents evidence including seventeen exhibits to support its assertion that it placed Mayers on paid leave and reassigned her to another school for the legitimate non-discriminatory and non-retaliatory reason of poor performance. It argues there is no genuine issue as to any material fact regarding Mayers' claims, so traditional summary judgment should be granted. *See Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex. 2002).

### D. Mayers' prima facie case of discrimination

In its no-evidence summary judgment motion UISD first argues that Mayers failed to present any evidence raising a fact issue regarding two essential elements of her prima facie discrimination case: whether she was subjected to an adverse action, and whether UISD treated any other similarly situated employees outside her protected class more favorably than her. *Okoye*, 245 F.3d at 512–13; *Villegas*, 2007 WL 4465369, at *3.

#### 1. Adverse action

"To adequately plead an adverse employment action, plaintiffs need not allege discrimination with respect to an 'ultimate employment decision.' Instead, a plaintiff need only show that she was discriminated against, because of a protected characteristic, with respect to hiring, firing, compensation, or the 'terms, conditions, or privileges of employment.'" *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023). However, Title VII "does not permit liability for de minimis workplace trifles." *Id.* at 505.

"Placement on paid administrative leave by itself [] does not constitute an adverse employment action." *Hardison v. Skinner*, No. 20-30643, 2022 WL 2668514, at *2 (5th Cir. July 11, 2022); *Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000) ("Although Breaux was placed on administrative leave from late April to July 1994, Breaux was paid while on leave and returned to his pre-leave position. Thus, Breaux suffered no adverse action with respect to the leave."). Here, the record shows Mayers was placed on paid administrative leave following a parent's complaint and was notified of her transfer to another school and resumption of teaching duties less than three months later. Therefore, her placement on paid administrative leave was not an adverse action by itself. *Skinner*, 2022 WL 2668514, at *2; *Breaux*, 205 F.3d at 158.

Further, "[i]t is well-settled that a 'purely lateral transfer' is not an adverse employment action." *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (quoting *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999)). "A transfer might be purely lateral if the new position had 'the same job title, benefits, duties, and responsibilities' as the old position." *Id.* (quoting *Burger*, 168 F.3d at 879). "A transfer can be an adverse action if it is 'the equivalent of a demotion,' such that the new position proves 'objectively worse.'" *Id.* (quoting *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)). A plaintiff "must provide more evidence than their mere subjective belief" that their transfer was an adverse employment action. *City of Houston v. Wills*, No. 14-23-00178-CV, 2024 WL 3342439, at *5 (Tex. App.—Houston [14th Dist.] July 9, 2024, no pet.); *Serna v. City of San Antonio*, 244 F.3d 479, 483 (5th Cir. 2001).

Mayers has not marshalled any evidence showing that her teaching role at the school to which she was transferred was objectively worse. Mayers merely alleges that the school to which she was transferred is thirty to forty-five minutes away from her house, and that she submitted a hardship letter requesting a transfer to a closer school, which request was denied. She does not allege much less present any evidence showing that as a result of the reassignment she suffered a demotion to a position with less prestige and inferior responsibilities or benefits. *See Serna*, 244 F.3d at 483 (to show job transfer was adverse employment action, "it is insufficient for a plaintiff to show merely that he has been transferred from a job he likes to one that he considers less desirable. Rather, a plaintiff must produce enough evidence to allow a reasonable trier of fact to conclude that, when viewed objectively, the transfer caused harm to the plaintiff, 'sufficiently serious to constitute a constitutional injury'") (quoting *Breaux*, 205 F.3d at 152); *Forsyth v. City of Dallas, Tex.*, 91 F.3d 769, 774 (5th Cir. 1996) ("a plaintiff's subjective perception that a demotion has occurred is not enough" to demonstrate an adverse employment action). Because

Mayers has not presented any evidence raising a fact issue as to whether she suffered an adverse employment action, the trial court correctly granted UISD's no-evidence summary judgment motion as to her discrimination claim. *See Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

## 2. Comparator

UISD argues that even if Mayers had raised a fact issue on the adverse action element of her discrimination claim, she did not present any evidence raising a fact issue on the element of whether a comparator, i.e. a similarly situated employee outside her protected class, was treated more favorably.

To meet the *prima facie* element that "others similarly situated were treated more favorably" than the plaintiff, the plaintiff's would-be comparator must have been treated more favorably "under nearly identical circumstances" to the plaintiff. *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216–18 (5th Cir. 2016); *Lopez v. Kempthorne*, 684 F.Supp.2d 827, 856 (S.D. Tex. 2010). "The 'nearly identical' standard . . . is a stringent standard—employees with different . . . work rule violations or different disciplinary records are not considered to be 'nearly identical.'" *Hockman v. Westward Comm.*, *LLC*, 282 F.Supp.2d 512, 527–28 (E.D. Tex. 2003). "Employees are similarly situated if their circumstances are comparable in all material respects, including similar . . . conduct. To prove discrimination based on disparate discipline, the disciplined and undisciplined employees' misconduct must be of 'comparable seriousness.'" *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005). The proffered comparator "must have a history of 'violations' or 'infringements' similar to that of the Title VII claimant." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017). If the differences in conduct account for the

differences in treatment, the other employee is not a proper comparator. *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 594 (Tex. 2008).

Mayers' affidavit merely alleges that two male teachers at the school were not suspended despite alleged misbehavior. But, whereas Mayers was placed on paid leave and then transferred following a parent's complaint about her treatment of a student in class, Mayers points to one teacher who was "constantly late" and another who was accused of but not found to have committed sexual harassment. Without showing there was a finding of sexual harassment warranting disciplinary action and without any evidence as to the conduct history of these two male teachers or UISD's response that would be comparable to her own, these assertions do not constitute evidence sufficient to create a fact issue as to whether others were treated more favorably under nearly identical circumstances. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 584–85 (Tex. 2017) (holding failure to show how proffered comparators were similarly situated and treated differently constitutes no evidence to overcome summary judgment).

Because Mayers does not present any evidence raising a fact issue on two essential elements of her prima facie case of discrimination, the trial court correctly granted no-evidence summary judgment on her Title VII discrimination claim. *See Reese*, 148 S.W.3d at 99.

### E.  Pretext for discrimination

In its no-evidence motion for summary judgment, UISD further argues Mayers has presented no evidence showing its proffered reason for transferring Mayers to a different school—namely poor performance—was mere pretext for unlawful discrimination. If Mayers had established her prima facie case of discrimination, the burden of production would shift to UISD to articulate a legitimate, nondiscriminatory reason for transferring her. *See McDonnell Douglas*, 411 U.S. at 802. Poor performance is a legitimate, non-discriminatory reason for an adverse

employment action. *Koteras v. Briggs Equip., Inc.*, 854 Fed. Appx. 583, 585 (5th Cir. 2021); *Little v. Republic Refin. Co., Ltd.*, 924 F.2d 93, 96 (5th Cir. 1991).

To support its proffered reason that it transferred Mayers based on her poor performance, UISD's motion for summary judgment contains seventeen exhibits including a record of conference from several months before her placement on paid leave detailing a different parent's complaint, Superintendent Santos's affidavit, Principal Menchaca's written termination recommendation listing several additional documented incidents from Mayers' classroom that parents had reported to the school in prior school years, and further documentation relating to previous incidents such as a letter of reprimand, numerous students' statements regarding inappropriate classroom discussions, another parent's email complaint, and yet another parent's complaint form. This evidence corroborates Superintendent Santos's affidavit testimony that Mayers' campus and personnel file, and the investigative file relating to the classroom incident which occurred shortly before Mayers was placed on administrative leave showed a "documented, substantiated pattern and practice of Ms. Mayers' humiliation of her students, parental concerns, and insubordination over several years."

Thus, in its summary judgment motion, UISD articulated a legitimate non-discriminatory reason for transferring Mayers to a different school following a parent's complaint, namely her job performance. *See Koteras*, 854 Fed. Appx. at 585; *Little*, 924 F.2d at 96. Therefore, assuming for the purpose of this analysis that Mayers can satisfy a prima facia case of discrimination, the burden shifted back to Mayers to present evidence that UISD's proffered reason for the transfer was merely false pretext and the real reason for her termination was sex discrimination. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Mayers did not provide any evidence to raise a fact issue that UISD's proffered reason was merely pretext. *See Koteras*, 854 Fed. Appx. at 585 (affirming summary judgment on discrimination claim when plaintiff's response "contains no information" as to why employer's proffered reason was pretextual); *Salazar v. Lubbock Cnty. Hosp. Dist.*, 982 F.3d 386, 391–92 (5th Cir. 2020) (affirming summary judgment when plaintiff "failed to present sufficient evidence to create doubt as to whether" employer's proffered reason was mere pretext for discrimination); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (nonmovant bears burden to present evidence raising a genuine issue of material fact as to each of the elements specified in no-evidence summary judgment motion); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993) (the burden of persuasion under the *McDonnell Douglass* test remains at all times with the plaintiff). Because the record shows UISD conclusively negated an essential element of Mayers' Title VII discrimination claim, and there are no genuine issues of material fact raised to support a finding of pretext the trial court properly granted traditional summary judgment on her claim. *See Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex. 2002); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## F. Mayers' prima facie case of retaliation

In its no-evidence motion for summary judgment, UISD further argues that Mayers failed to present any evidence raising a fact issue regarding the following essential elements of her prima facie retaliation claim: (1) she engaged in a protected activity, (2) she experienced a materially adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Alkhawaldeh*, 851 F.3d at 426.

### 1. Protected activity

"Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Comm. Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)). Reporting sexual harassment is a protected activity under Title VII. *See Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009); *see also Henderson v. Bd. of Supervisors of S. Univ. & A&M Coll.*, 663 F. Supp. 3d 542, 565 (M.D. La. 2023); *Houston Methodist San Jacinto Hosp. v. Ford*, 483 S.W.3d 588, 593 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (sexual harassment is a protected activity under TCHRA).

With regard to the grievance filed against Principal Menchaca, Mayers has not alleged any facts nor presented any evidence that her grievance opposed a practice rendered unlawful by Title VII. Therefore, she has presented no evidence that her grievance against Principal Menchaca was a protected activity. But, Mayers was engaged in a protected activity when she reported another teacher for sexual harassment. *See Crawford*, 555 U.S. at 276.

### 2. Materially adverse action

For a retaliation claim, an adverse employment action is any action a reasonable employee would have found materially adverse, meaning it could well dissuade a reasonable worker from engaging in protected activity by making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Niu v. Revcor Molded Prods. Co.*, 206 S.W.3d 723, 731 (Tex. App.—Fort Worth 2006, no pet.). "[W]hen determining whether an allegedly retaliatory action is materially adverse, courts look to indicia such as whether the action affected job title, grade, hours, salary, or benefits or caused a diminution in prestige or change in

standing among coworkers." *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 827 (5th Cir. 2019) (quoting *Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 346 (5th Cir. 2016) (internal quotation marks omitted). "A mere reassignment, standing alone, does not constitute a materially adverse employment action." *Lemonia v. Westlake Mgmt. Servs., Inc.*, No. 22-30630, 2023 WL 6878915, at *6 (5th Cir. Oct. 18, 2023). Whether a transfer "is materially adverse depends upon the circumstances of the particular case," and the transfer "should be evaluated from the perspective of a reasonable person in the plaintiff's position." *Anthony v. Donahoe*, 460 Fed. Appx. 399, 404 (5th Cir. 2012).

Mayers has not marshalled any evidence showing that her transfer could well dissuade a reasonable worker from engaging in protected activity. *Burlington*, 548 U.S. at 68. Her mere allegations that the school to which she was transferred is thirty to forty-five minutes away from her house, and that her hardship request was denied, do not show she suffered a demotion to a position with less prestige and inferior responsibilities or benefits. Similarly, Mayers has not marshalled any evidence showing that any other action taken by UISD was materially adverse.

Mayers alleges that UISD asked her to resign and threatened to terminate her, but she did not resign nor suffer termination, and she has presented no evidence that these alleged statements by UISD regarding resignation and termination "affected job title, grade, hours, salary, or benefits or caused a diminution in prestige or change in standing among coworkers" or could otherwise well dissuade a reasonable worker from engaging in protected activity. *Welsh*, 941 F.3d at 827 (quoting *Paul*, 666 F. App'x at 346). Because Mayers does not present any evidence raising a fact issue on the materially-adverse action element of her prima facie case, the trial court correctly granted no-evidence summary judgment on her Title VII retaliation claim. *See Reese*, 148 S.W.3d at 99.

### 3. Causation

"[T]he 'causal link' required in prong three of the prima facie case for retaliation is not as stringent as the 'but for' standard." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002). But, while less stringent than the "high burden" of but-for causation, the plaintiff must still produce some evidence of causation at the prima facie stage. *See id.*; *Alkhawaldeh*, 851 F.3d at 430. Determining whether the plaintiff has met her prima facie burden to show a causal link is a fact-specific analysis. *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994). Relevant factors for the courts to consider include: (1) "the employee's past disciplinary record"; (2) "whether the employer followed its typical policy and procedures" in taking an adverse action against the employee; and (3) "the temporal relationship between the employee's conduct and discharge." *Id.*

In her affidavit, Mayers states that she reported the alleged sexual harassment via email to Associate Superintendent Garcia three weeks before she was notified of her transfer to another school. Merely alleging a temporal proximity between her protected activity and her transfer, without any other evidence of causation, does not suffice to create a fact issue on causation here, since her placement on paid administrative leave during the investigation of a parent's complaint occurred before her protected activity. "Her subjective belief" that the transfer was "retaliatory, without more, is not sufficient" to establish her prima facie causation element and survive summary judgment. *Peace v. Harvey*, 207 Fed. Appx. 366, 369 (5th Cir. 2006); *Vicknair v. Louisiana Dep't of Pub. Safety & Corr.*, 555 Fed. Appx. 325, 331 (5th Cir. 2014) (affirming summary judgment on retaliation claim because "subjective belief is not enough to establish the requisite causal link between the adverse employment action and the protected conduct."). Because Mayers has presented no evidence creating a fact issue on causation, the trial court correctly

granted no-evidence summary judgment on her Title VII retaliation claim. *See Reese*, 148 S.W.3d at 99.

### G. Pretext for retaliation

In its no-evidence motion for summary judgment, UISD further argues Mayers has presented no evidence showing its proffered reason for transferring Mayers to a different school—poor performance—was mere pretext for unlawful retaliation. *Feist v. La., Dep't of Justice.*, 730 F.3d 450, 454 (5th Cir. 2013).

If Mayers had met her burden on the prima facie elements of retaliation, the burden would then shift to UISD "to articulate a legitimate non-retaliatory reason" for her reassignment. *Alkhawaldeh*, 851 F.3d at 426–27; *Hernandez v. Yellow Trans. Inc.*, 670 F.3d 644, 657 (5th Cir. 2012); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 554 (Tex. App.—Dallas 2006, no pet.). "Job performance is a legitimate, non-retaliatory reason" for an adverse employment action. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)).

In addition to UISD's aforementioned evidence that it transferred Mayers for poor performance, *see supra*, the evidence further shows that following the parent's complaint about the classroom incident, Superintendent Santos placed Mayers on administrative leave with pay well before Mayers reported another teacher for the alleged sexual harassment. UISD also included in its summary judgment evidence a letter signed by UISD Director of Employee Relations Rita Garner in which Garner finds good cause to terminate Mayers and lists documented disciplinary actions for Mayers going back to 2013. This letter was also signed before Mayers reported the alleged sexual harassment. Thus, UISD's actions towards Mayers based on the parent complaint began before she engaged in protected activity. "Employers need not suspend previously planned

[adverse actions] upon discovering that [the plaintiff has engaged in protected activity], and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001).

Because we hold UISD met its burden to articulate that it transferred Mayers to another school for the legitimate, non-retaliatory reason of poor performance, the burden shifted to Mayers to present evidence that poor performance was mere pretext unworthy of credence, and that she would not have been transferred to another school "but for" UISD's unlawful retaliatory motive. *See Feist*, 730 F.3d at 454; *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 482 (Tex. 2001); *Gumpert v. ABF Freight Sys., Inc.*, 293 S.W.3d 256, 262 (Tex. App.—Dallas 2009, pet. denied); *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815–16 (5th Cir. 1993).

"Ultimately, in order to survive a motion for summary judgment," Mayers "must show 'a conflict in substantial evidence' on the question of whether the employer would not have taken the adverse employment action but for the protected activity." *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020), as revised (Aug. 14, 2020) (quoting *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 561 (5th Cir. 2019) (internal quotation marks removed); *Feist*, 730 F.3d at 454. This is because the "ultimate question" is "whether the defendant unlawfully retaliated against the plaintiff." *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996).

Mayers has not presented any evidence to show that UISD would not have reassigned her but for her report of alleged sexual harassment. Mayers has, further, not presented any evidence showing that the numerous documented complaints and other evidence of poor performance were mere pretext for her transfer. As a matter of law, the temporal proximity between Mayers' protected activity of reporting the alleged sexual harassment and UISD's transfer decision is insufficient to establish an issue of fact on pretext for retaliation. *Garcia v. Prof'l Contract Servs.,*

*Inc.*, 938 F.3d 236, 243 (5th Cir. 2019). Mayers thus cannot avoid summary judgment because she has not shown "a conflict in substantial evidence" regarding whether UISD "would not have taken the action but for the protected activity." *Brown*, 969 F.3d at 577.

## CONCLUSION

For these reasons, we affirm the trial court's judgment.

Lori Massey Brissette, Justice